The State of Iowa v. Moran.

### THE STATE OF IOWA v. MORAN.

Where a defendant in a criminal case before a justice of the peace, appeals from the judgment of the justice to the district court, he should give the district attorney notice of the appeal ten days before the next term of the district court; and upon his failure to do so, the appeal may properly be dismissed.

*Appeal from the Linn District Court.*

TUESDAY, JUNE 7.

LARCENY. Defendant was tried and convicted before a justice of the peace, in February, 1859. At the time of the rendition of the judgment, he gave notice of appeal to the district court. No notice of appeal was given to the attorney for the state. At the March term, 1859, of the district court, the district attorney moved to dismiss the appeal, for want of such notice. This motion was sustained, and from this order defendant appeals.

*Preston & Thompson,* for the appellant.

*S. A. Rice,* (Attorney General), for the state.

WRIGHT, C. J.—So far as material to the present inquiry, the act of January 28, 1857, (Laws of 1857, 303), gives a defendant, convicted of a criminal offense before a justice of the peace, the right to appeal to the district court, by pursuing the following course : *First.* He must give notice

of such appeal, at the time of the rendition of the judgment. *Second.* He must give notice of such appeal to the prosecuting attorney of the county, ten days before the next term of the district court. The appeal may, on motion, be dismissed for a failure to give this last notice.

The constitution of 1846, provided for the election of a prosecuting attorney in each county. The present constitution provides for a district attorney, in each judicial district. Chapter 102, Laws of 1858, 201, provides for the election of these district attorneys, presents their duties, and fixes their compensation. By the 3d section, he is required to appear for the state, and the several counties composing his district, in all matters in which the state, or any such county, may be a party or interested, in the district courts of said district.

The question made in this case is, whether the defendant should have given the district attorney notice of appeal, ten days before the term of the district court; and whether, for such failure, the appeal was properly dismissed.

The district attorneys, in the several districts, were elected in October, 1858, and entered upon the discharge of their duties on the first day of January, 1859, and after their election, and before said 1st of January, the county prosecutors were required to appear and prosecute, on the part of the state, in the district courts. Section 8, chapter 102, Laws of 1858.

Our conclusion is, that the office of county prosecutor was designed to be abolished by the new constitution; and that, since the first of January, 1859, all of the duties of that office devolved upon the district attorneys of the several districts. As the county prosecutors were entitled to notice of appeal, by the provisions of the act of January 28, 1857, so are the district attorneys. It is true, as suggested by counsel, that these attorneys are required to appear for the state, in cases pending in the district court; but this means, of course, in cases pending there in a proper, or in a manner, provided by law. County prosecutors were required to do the same thing; but they were entitled to notice, in cases

of appeal from a justice of the peace. To hold that the officer prosecuting for the state—the only one known to the law—is not entitled to notice—that the law does not contemplate it—would certainly be anomalous. In every other case of appeal—whether from the inferior courts to the district court, or from the latter to this—the appellee or defendant in error, is entitled to notice; and we cannot believe that by changing the officer whose duty it is to prosecute for the state, it was intended to dispense with a notice expressly required.

Judgment affirmed.