The State of Iowa v. Leyden.

---

## THE STATE OF IOWA V. LEYDEN.

1. APPEAL IN CRIMINAL CAUSES. The District Court can acquire no appellate jurisdiction of a criminal proceeding by the mere filing of an appeal bond. The appeal can be perfected only by giving the notice required by § 5095 of the Revision of 1860 to the justice who rendered the judgment appealed from.

*Appeal from Des Moines District Court.*

TUESDAY, JUNE 17.

THE facts are stated in the opinion of the court.

The State of Iowa v. Leyden.

*Chas. Ben Darwin* and *George Darwin* for the appellant.

*C. C. Nourse,* Attorney General, for the State.

BALDWIN, C. J.—The defendant was tried and convicted before a justice of the peace for an assault and battery, and ordered to stand committed until the fine assessed against him was paid. Upon the same day of the trial, the defendant filed a bond conditioned, that whereas the said defendant was about to sue out a writ of error from the decision of the justice in said cause, &c., &c., that if the said defendant would pay whatever amount was legally adjudged against him, the bond was to be void. This bond was filed and approved by the justice, and the defendant discharged.

A transcript having been filed in the District Court, the district attorney moved to strike the cause from the docket, for the reason that there had been no appeal taken from the judgment of the justice in said cause. This motion was sustained, and defendant appeals.

Under the provisions of § 5095 of the Revision, the defendant, in order to appeal from the decision of a justice of the peace, must give notice to the justice that he appeals, and the justice must make an entry on his docket of the giving such notice. It is upon this notice that the District Court can acquire jurisdiction of the cause, and until such notice is given no appeal is taken.

The mere filing of a bond, even if the bond in this case could be regarded as an appeal bond, is not of itself sufficient to entitle the defendant to an appeal. The record failing to show that the preliminary steps required by law to perfect his appeal had been taken, there was no cause in the District Court for trial, and the court very properly struck it from the docket.

Affirmed,