IN RE ESTATE OF CHARLES J. HOYT.

C. H. E. BOARDMAN, Appellee, v. E. M. FARBER, Administrator, Appellant.

**APPEAL AND ERROR:** Abandonment of Appeal—Voluntary Payment of Judgment. The payment of a judgment, after the taking of an appeal, for no other reason than that the judgment is in the form of an *order* of court to pay, constitutes a voluntary payment and acquiescence in the correctness of the judgment, with consequent abandonment of the appeal, notwithstanding Section 4145, Code, 1897, which provides that, on reversal, a writ of restitution may be had for that of which the successful appellant has been deprived by reason of the judgment.

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

FEBRUARY 9, 1918.

THE appellee is the assignee of one Bradford, and, under his assignment from Bradford, made claim for alleged services rendered said estate by Bradford. The claim was allowed, and Farber, as administrator *de bonis non,* appeals. —*Affirmed.*

*E. M. Farber,* for appellant.

*C. H. E. Boardman,* for appellee.

SALINGER, J.—I. The probate court allowed a claim by appellee, and ordered that the administrator *de bonis non* pay the claim. The allowance was something like $700, and the order to pay it was made April 13, 1915. The administrator perfected an appeal about October 4, 1915. After the appeal was perfected, and on June 16, 1916, he paid the appellee $471.70, which was then all the money in his hands available for the payment of claims.

Before we can consider the merits of the appeal, we have to face a point made by the appellee that said payment was voluntary, and so constitutes an acquiescence in the order appealed from, and that, therefore, there must be an affirmance. The appellant, of course, insists that the payment was not voluntary, and. was made because of the coercion worked by the order of court directing him to pay.

In *Manning v. Poling*, 114 Iowa 20, at 24, we approve of the following statement in *Brumagin v. Tillinghast*, 18 Cal. 265:

"It may be said in general that there must be some actual or threatened exercise of power possessed, or supposed to be possessed, by the party exacting or receiving the payment, over the person or property of the party making the payment, from which the latter has no other means of immediate relief than by advancing the money." The *Manning* case adds that:

" 'The real and ultimate fact to be determined in every case is whether or not a party really had a choice, whether he had his freedom of exercising his will.' "

Here, appeal was not prevented. Appeal was taken. The means were at hand to delay payment until the order to pay was affirmed. These means were not availed of. We say further, in the *Manning* case, that, as to coercion, "the result of all the authorities is that the party making payment must be put to his choice between the comparative evils of the inconvenience and loss by the detention of his property and the payment of an unjust and illegal demand;" and that, "if there be other adequate means of escaping the imminent infringement of property rights, these should be resorted to, rather than that litigation be postponed by the payment of the controverted claim."

The theory of appellant seems to be that the question is controlled by Section 4145 of the Code, and the decisions that deal with it. This statute enacts that if, by the de-

cision of this court, an appellant becomes entitled to a res-toration of anything taken from him, by means of a judg-ment or order appealed from, appropriate writ may restore such property or its value to him. The decisions upon which he relies are these:

*Hanschild v. Stafford,* 27 Iowa 301, says that, where money collected under a judgment is received by, say, an administrator, and he has paid it over to another, pursuant to an order of court, the summary remedy provided by this Code provision for the restoration of property or money cannot properly be administered, and the party is left to his ordinary remedy. *Schoonover v. Osborn,* 117 Iowa 427, at 433, is merely a declaration that all that is held in the *Hanschild* case is that:

"Restoration of property which has passed to innocent purchasers, or the proceeds, which have been paid out under the direction of the court, cannot be ordered by virtue of Section 4145, Code. But, as there said, the remedy afforded by this statute is purely cumulative."

*Chambliss v. Hass,* 125 Iowa 484, holds, so far as ma-terial here, that, if a judgment is annulled, there is a right of restitution, both under the statute and at common law. All this does no more than to demonstrate the self-evident proposition that, where property is taken by means of a judgment, and that judgment is annulled, the one from whom the property was so taken is entitled to have it re-stored. We are unable to see how this proves that the pay-ment made by this appellant was not voluntary, or that acquiesence in a judgment that is appealed from will not work an affirmance. The greater number of judgments or-der that one party shall pay to the other. If the naked fact that a judgment is paid which orders payment makes such payment involuntary, one cannot understand why there was ever an affirmance on the ground that a judgment or-dering payment had been paid. If the mere order to pay

coerces payment, then every affirmance on the ground that a judgment had been complied with before enforcement or threat of enforcement, was erroneous. The case of *Chambliss v. Hass*, 125 Iowa 484, in addition to declaring that, both by statute and at common law, there is a right to restoration, if property be seized on an execution and the judgment is annulled, does no more than decide that the payment of a judgment on execution is involuntary, and does not operate to waive the right to restitution, and that the affirmance of a judgment on appeal, and payment thereof on execution, is not ground for denying a new trial, upon an application based on newly discovered evidence, and filed within the year, pursuant to Code Section 4094. All that has been referred to is no warrant for stretching Section 4145 beyond its fair meaning, nor for holding that the payment here made was involuntary, nor for disturbing the rule that, where a judgment is voluntarily paid, nothing remains but a moot question, and there must be an affirmance.

All that was done by the trial court was to overrule the objections to the allowance now complained of, to allow and establish said claim, and to order the said claim paid by the administrator. To all this, the administrator at the time excepted. Whereby he declared that he did not think himself bound to pay until the higher court had sanctioned the allowance. That he did not deem himself bound or coerced by the action of the court below is made still clearer by the fact that thereafter he perfected an appeal from the allowance. Whether a payment was made under coercion involves a state of mind. One who excepts to a judgment and appeals therefrom certainly does not feel, at that time, that immediate performance of the judgment is obligatory. Neither then nor at any time has the property of the appellant been seized, nor seizure threatened. No proceedings to compel obedience to the order now complained of were ever instituted or threatened. Had seizure

been made or threatened, or an attempt been made to compel obedience, then, on appeal's being perfected, this court could, on proper application, have stayed proceedings, in order to protect its own jurisdiction, and to avoid being compelled to make a moot decision.

*Manning v. Poling,* 114 Iowa 20, 28, but declares that the statute which authorizes restoration upon a successful appeal is the only authority for restitution, and that restitution is not ordered because of involuntary payment, but because the statute requires it. In that very case, we say that:

"Payment of a judgment appealed from necessarily concedes its correctness, and estops the party making it from asserting error."

It is no authority for giving the benefit of the statute except in cases covered by the statute. This court should not entertain moot questions unless some statute require it. The State could not appeal after an acquittal, if express statute did not give right to appeal, in order that abstract law questions might be decided for future guidance. There is no statute which requires us to determine whether an allowance has been erroneously awarded, where payment has been made of or upon such allowance.

We can find nothing in *Orke v. McManus,* 149 Iowa 685, except that, in a proper case, covered by the statute, restitution may be ordered, under Section 4145.

Because of the payment made, appellant is estopped, and the order appealed from must be—*Affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.