## The People of the State of Illinois, Defendant in Error, v. Daniel Donahoe, Plaintiff in Error.

## Gen. No. 26,696.

1. CRIMINAL LAW—*when proceeding by motion in nature of writ of error coram nobis is moot one.* A proceeding by motion in the nature of a writ of error *coram nobis* to correct an alleged error of fact on the trial of a criminal case in which plaintiff in error was defendant, where from the record the judgment presumably has been enforced and satisfied, is apparently a moot one for, if granted a new trial, he could successfully plead former jeopardy.

2. CRIMINAL LAW—*when motions in proceeding by motion in nature of writ of coram nobis properly present question to Appellate Court.* In a proceeding by motion in the nature of a writ *coram nobis* made under section 89 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 89), to correct an alleged error of fact made at the trial of a criminal case, where the court at once overruled a motion by the State to dismiss the proceeding and, after hearing the evidence, upon its renewal granted the motion to dismiss, the first motion to dismiss was equivalent to a demurrer to plaintiff's motion or petition and the second to a demurrer to the evidence, and they properly present the question to the Appellate Court.

3. CRIMINAL LAW—*when dismissal of motion in nature of writ of error coram nobis is warranted.* In a proceeding, under section 89 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 89), by motion in the nature of a writ of error *coram nobis* made to correct an alleged error of fact committed at the trial of a criminal case, the burden was upon plaintiff in error. to aver and prove facts sufficient to enable the court to determine if the alleged mistake was such that, had it been known to the court, it would have prevented his conviction, and the absence of such averment and proof, warranted a dismissal of his motion.

4. CRIMINAL LAW—*fact not intended to be reached by writ of error coram nobis or motion in nature thereof.* That the judge presiding at a civil trial, certain proceedings in which were introduced in evidence in a criminal case, was not authorized to do so because he had not properly been assigned thereto and the law relating to the exchange of judges had not been complied with, was not such a fact as is intended to be reached by a writ of error *coram nobis* or a motion made under section 89 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 89).

5. CONSPIRACY—*overt act as not necessary to unlawful agreement.* The essence of a charge of conspiracy at common law is the unlaw-

ful agreement and it may exist and be proven without any overt act to consummate it.

6. CRIMINAL LAW—*what will not sustain motion in nature of writ of error coram nobis.* That the judge who presided at a civil trial was not qualified to sit and that certain proceedings in that trial were introduced in evidence in a criminal case and that the disqualification of such judge was not discovered until after the trial of the criminal case, was not such a valid defense to the entire indictment as would sustain a motion in the nature of a writ of error *coram nobis* under section 89 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 89), where there was proof made by the prosecution sufficient to show the criminal charge without the files and papers and testimony in the civil case.

7. CRIMINAL LAW—*what not such excusable mistake and want of negligence as will form basis of motion in nature of writ of error coram nobis.* That defendant in a criminal prosecution for conspiracy as well as his attorney and the presiding judge were ignorant of statutes which were not complied with in the trial of a prior civil case, evidence and proceedings from which were introduced in evidence in the criminal prosecution, is not such excusable mistake and want of negligence as will form a basis for a motion in the nature of a writ of error *coram nobis*, under section 89 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 89), especially where such defendant participated as a lawyer in the civil case and failed to investigate the legality of that proceeding after notice from the indictment that his connection with the civil case would be used against him in the prosecution.

8. CRIMINAL LAW—*when question deemed adjudicata.* Where evidence introduced in a criminal case was objected to and the objections were broad enough to cover the legality of a civil trial from which the evidence in question was taken, so that the question might have been passed upon in the reviewing court, such question must be deemed *adjudicata.*

9. CRIMINAL LAW—*necessity of preserving evidence on which assignment of errors based.* Where evidence in support of a motion in the nature of a writ of error *coram nobis* was not preserved, petitioner must fail in his assignment of errors based thereon.

Error to the Criminal Court of Cook county; the Hon. ROBERT E. CROWE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Affirmed. Opinion filed December 30, 1921. Rehearing denied January 10, 1922.

LEO L. DONAHOE, for plaintiff in error.

ROBERT E. CROWE and EDWARD E. WILSON, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

This writ of error brings up for review the order of the lower court dismissing a motion in the nature of a writ of error *coram nobis,* made by plaintiff in error under section 89 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 89), to correct what is alleged to have been an error of fact committed at the trial of a criminal case entitled as above, in which he was defendant.

The record discloses that the indictment in said case was returned in July, 1912, and charged plaintiff in error with a "conspiracy at common law," the precise character of which, however, is nowhere set out in the record; that plaintiff in error was convicted thereunder and fined $2,000; that the conviction was affirmed by this court (at the February term, 1917, vol. 198 Ill. App. 1) and by the Supreme Court (at the October term, 1917, vol. 279 Ill. 411); and that the mandate of this court was stayed by the court below pending its consideration of said motion, which was made December 5, 1919, and dismissed June 7, 1920, and during the time allowed for filing a bill of exceptions which expired December 6, 1920. From our records it appears that on December 6, 1920, after suing out this writ, plaintiff in error was denied a *supersedeas,* and as he has appeared personally before us a full year later, presumably the judgment has in the meantime been enforced and satisfied, and therefore this proceeding is seemingly a moot one. For if he has paid the penalty of his conviction and were granted a new trial, it is apparent that he could successfully plead that he had been once in jeopardy.

But considered upon its merits the motion was properly dismissed. The court at once overruled the

motion to dismiss the proceeding and over the State's objection permitted plaintiff in error to introduce evidence. At the close of his evidence the motion to dismiss was renewed and granted. The first motion to dismiss was equivalent to a demurrer to plaintiff in error's motion or petition, and the second motion to a demurrer to the evidence, and they properly present the question before us. (*People v. Noonan*, 276 Ill. 430-433; *Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516-518.)

Plaintiff in error's motion was supported by a verified petition which is too verbose and diffuse to set forth at length. It contains much argument and conclusions of the pleader, and while it refers to the indictment in the criminal case and the bill of exceptions preserved therein and offers to produce them, neither is set forth in the verified petition or otherwise preserved in this record. Without knowledge of the specific charges on which the conviction rested it cannot be told whether had the alleged mistake of fact on which plaintiff in error's motion is based been known to the court it would have prevented his conviction. The burden was upon plaintiff in error in the first place to aver and then to prove the facts sufficiently to enable the court to determine whether the alleged mistake of fact was of that character. The absence both of sufficient averment and proof justified the dismissal of his motion.

We shall, however, state his main contentions. Briefly they are that at the trial of the criminal case the State introduced evidence of certain proceedings had in a civil case in the circuit court of Cook county, entitled *John Henning v. Clarence S. Funk*, that was referred to in said indictment; that Judge Mazzini Slusser of the Sixteenth Judicial District presided at such trial; that he was not authorized to preside in such court as he was not duly assigned thereto by the Supreme Court or a justice thereof, as required

by the Act approved June 5, 1909, or by compliance
with the statutes relating to the interchange of judges,
or the Act of 1905, providing for branch circuit courts;
that neither plaintiff in error, nor his counsel, nor the
presiding judge in the criminal case knew of the fail-
ure to comply with such statutes, and that plaintiff
in error did not learn thereof until long after the dis-
position of the criminal case; that because of the
lack of authority of Judge Slusser to preside at the
trial of said *Henning* case the proceedings therein
were null and void and could not be used as compe-
tent evidence against him, and that the failure to
discover these facts at the time of the trying of the
criminal case constituted a mistake of fact that should
now be remedied by granting him a new trial.

The character of facts intended to be reached by
a writ of *coram nobis,* or a motion made under sec-
tion 89 of the Practice Act (Cahill's Ill. St. ch. 110,
¶ 89), are referred to in *People v. Noonan, supra,* and
enumerated in 5 Encyc. Pl. & Pr. 27, as follows:

"The office of the writ of *coram nobis* is to bring
the attention of the court to and obtain relief from
errors of fact, such as the death of either party pend-
ing the suit and before judgment therein; or infancy,
where the party was not properly represented by
guardian; or coverture, where the common-law dis-
ability still exists; or insanity, it seems, at the time
of the trial; or a valid defense existing in the facts of
the case, but which, without negligence on the part
of the defendant, was not made, either through duress
or fraud or excusable mistake, these facts not appear-
ing on the face of the record, and being such as, if
known in season, would have prevented the rendition
and entry of the judgment questioned."

The alleged mistake of fact in the case at bar does
not seem to come within the scope of such a proceed-
ing. If it does, it is such as is referred to in the last-
quoted clause.

But from anything that appears in this record we

do not think it can be said that the alleged disqualification of Judge Slusser to try the *Henning* case constituted a "valid defense" to the entire indictment, nor that the failure to resort to such defense was "without negligence" on the part of plaintiff in error or "through excusable mistake," nor that the alleged mistake of fact was "such as, if known in season, would have prevented the rendition and entry of the judgment in question."

It appears that plaintiff was charged with a conspiracy at common law. It is fundamental that the essence of such a conspiracy is the unlawful agreement, and that it may exist and be proven without showing any overt act to consummate it. While the Supreme Court held that the record of the *Henning* case was admissible "as one of the elements or steps in the controversy" (*People v. Donahoe*, 279 Ill. 429), it may be inferred, not only from the failure to show the contrary in this record, but from the long recitation in said decision of incriminating facts that preceded the trial of the *Henning* case, that its proceedings were not essential to establish the unlawful agreement. The court said:

"There was proof made by the prosecution tending strongly to show a conspiracy, and plaintiff in error's connection with it, *before* the files and papers in *Henning v. Funk* and the testimony in that case were offered in evidence." (p. 429.)

From this quotation it would appear that there was enough proof to sustain a conviction without proof of matters with respect to which plaintiff in error claims there was a mistake of fact, and there is not a sufficient showing in this record to the contrary.

It is well settled that "error in fact which may be assigned in a motion must be some fact unknown to the court, which, if known, would have precluded the rendition of the judgment" (*Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516; 5 Encyc. Pl. & Pr.

27). If, therefore, as may be presumed without a showing to the contrary, there was enough other evidence to sustain the conviction, then so far as the merits of this motion are concerned it is immaterial whether Judge Slusser was not duly authorized to try the *Henning* case, for that fact would not have precluded the rendition of the judgment. Hence, had the court known the alleged state of facts relied upon in support of the motion, it would merely have led to the exclusion of evidence not vital to a conviction. Under such circumstances its admission was at most an error at law.

As a basis for "excusable mistake" and "want of negligence" the petition contains the remarkable statement that plaintiff in error and his attorney and the trial judge were ignorant of the statutes which plaintiff in error contends were not complied with. We need not call attention to the elementary rule that one is presumed to know the law, or to the familiar maxim that ignorance of the law excuses no one. But it appears from the petition that plaintiff in error participated as a lawyer for Henning in the trial of the *Henning* case and hence must have known as a matter of fact that the judge presiding at the trial was not a judge of this judicial district and should have been duly assigned thereto. If under such circumstances he is not estopped from questioning the authority of that judge to preside in the trial of a case he was prosecuting, he can hardly be excused from negligence in failing to investigate the validity of the proceedings when he had notice from the indictment that his connection with that case and trial were to be used against him in the criminal case.

We have already stated that the indictment nowhere appears in this record. But referring, as we may, to the Supreme Court decision in *People v. Donahoe, supra,* for enlightenment as to its character, it appears that the indictment charged a conspiracy for

various unlawful objects, among them, to defame the good name, etc., of Clarence S. Funk, to obtain money by accusing him of adultery with Henning's wife, and to extort money from him by maliciously bringing an action against him for damages for alienating the affections of Henning's wife. Evidence of the actual trial of the case of *Henning . v. Funk*, or of what there took place, was manifestly not indispensable to the proof of any of these charges, there being proof, as shown by the Supreme Court decision, of bringing the *Henning* suit and of antecedent facts connecting plaintiff in error with the unlawful conspiracy to bring it.

It appears from the petition that this very evidence was objected to at the trial of the criminal case, and that the objections were "broad enough to cover the illegality" of the proceedings in the *Henning* case. Even if we may not infer, therefore, that the question before us was passed upon by the reviewing court, nevertheless under such a "broad objection" it could have been raised, and what might have been presented under the objection must be deemed *adjudicata*.

But even if the averments of fact in support of the motion were sufficient to present an issue of fact, and even if the evidence introduced to support it was sufficient, yet only an unimportant part of such evidence is preserved in the bill of exceptions. It appears therefrom that certain pages of the abstract of the bill of exceptions filed in the criminal case were considered by the court as evidence in support of the petition, but such evidence has not been preserved. Not having been preserved, plaintiff in error must fail in his assignment of errors based thereon. (*Maine v. Cosner*, 67 Ill. 536.)

We feel that we have given more space to the consideration of this question than its merits deserve. This motion was made about 5 years after the judgment of conviction and after it had been sustained

in the court of final resort. If a new trial can now be had on such grounds as are set forth in this record then the finality of judgments and the policy of the law to end litigation stand on weak foundations.

The action of the court in dismissing the petition will be affirmed.

*Affirmed.*

GRIDLEY, P. J., and MORRILL, J., concur.