### BERGDOLL et al. v. UNITED STATES,
and four other allied cases.*

(Circuit Court of Appeals, Third Circuit. February 16, 1922. Rehearing Denied March 17, 1922.)

#### Nos. 2727–2731.

Criminal law ⊖131(4)—Judgment satisfied cannot be reviewed and reversed.

Where a lawful sentence of fine and imprisonment was imposed on defendant, with a proviso that on payment of the fine before close of the term the sentence of imprisonment would be remitted, and defendant, after obtaining a writ of error and supersedeas, paid the fine before close of the term, such action *held* to require dismissal of the writ of error, since it deprived the appellate court of power to reverse the judgment, which had been satisfied, and grant a new trial for the same offense.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Criminal prosecutions by the United States against Emma C. Bergdoll and others, with four other allied cases. Judgments of conviction (272 Fed. 498), and defendants bring error. Dismissed.

---

⊖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 257 U. S. —, 42 Sup. Ct. 589, 66 L. Ed. —.

Theodore Lane Bean, of Philadelphia, Pa., and John S. Maxwell, for plaintiffs in error.

T. Henry Walnut, Sp. Asst. U. S. Atty., and George W. Coles, U. S. Atty., both of Philadelphia, Pa., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judge.

BUFFINGTON, Circuit Judge. After conviction in the court below on an indictment charging her with harboring deserters from the military service of the United States, Emma C. Bergdoll, the plaintiff in error, was on May 17, 1921, "sentenced to imprisonment in United States Penitentiary, Atlanta, Georgia, or in such place as the federal authorities may designate, for a term of one year and one day from this date, and pay a fine of $5,000. If fine be paid on or before the end of present term (June 11, 1921), prison sentence to be remitted."

Thereafter, and on said day, she presented a petition to that court praying the grant of a writ of error to this court, and "that a supersedeas and a stay of execution and proceedings in the said District Court may be granted, pending such writ of error and appeal, and that your petitioner be admitted to bail upon giving bond in such sum as the court may direct." On the same day that court made an order "that the prayers of the within petition be allowed," and released her upon bail. Thereafter the proceedings in this court on the writ of error followed in due course.

When the case was called for argument in this court, it appeared that she had, of her own motion and without leave of, or suggestion to, this court, and, indeed, without application to the court below, or its action, on June 10, 1921, paid to the clerk of that court the fine imposed by the sentence, filing with him a paper which stated that the fines "imposed in the cases cited above, are this day paid and delivered to the clerk of the District Court of the United States for the Eastern District of Pennsylvania in compliance with the alternate sentences of the court in each of said cases, providing that if the fines and costs be paid before the end of the present term of court, June 11, 1921, prison sentences will be remitted; but these moneys are paid under protest, defendants reserving the right to have the appellate courts determine whether or not any one or all of the five defendants could be found guilty of the offenses with which they were charged under the bills of indictment they were tried." Thereupon the United States attorney moved this court to dismiss the writ on the ground that she, having voluntarily paid the fine imposed, had satisfied the judgment against her, and the questions raised at the time this court's jurisdiction vested had by her action now ceased to exist. After argument and due consideration had, we are of opinion this motion must prevail.

When this court took jurisdiction, it had power to review the case, and, if error was found, reverse the judgment of the court below and grant a new trial. But before that jurisdiction was, or indeed could be, exercised, she has deprived this court of the power to direct a second trial by the court below. For it will be observed that, if we found such error, we could not direct a new trial because, the case having been once tried and *the sentence imposed satisfied by the accused,*

we could not put her in jeopardy a second time, in violation of her constitutional right that she shall not "be subject for the same offense, to be twice put in jeopardy of life or limb."

Moreover, in this case sentence was imposed, but the writ, not only removed the cause to this court, but the whole proceeding below was, by the order of the court, suspended and superseded. Such being the case, it was, when our jurisdiction first vested, within the power of this court, if it found error, to reverse the case and grant a new trial, or, if it found none and found the sentence warranted, then in view of the lapse of time, while the supersedeas was running, it was within the power of this court to fix the time within which imprisonment should begin, and to extend the time within which the fine might be paid and imprisonment be avoided.

"Ordinarily, where a person convicted of crime and sentenced to imprisonment appeals, and his sentence is affirmed on appeal, his term of imprisonment will begin from the date of affirmance, or, according to what is perhaps the better view, from the date of commitment after affirmance." 25 American & English Ency. of Law, p. 326.

But this situation—one where the defendant was at liberty and under bail to await the judgment of this court and under no duress or compulsion of the lower court's sentence—she has voluntarily seen fit to change by satisfying, once and for all, the judgment of the court below. Having taken advantage of the one sentence alternative, she satisfied the entire judgment and put an end to the sentence; and, having thus voluntarily ended the case herself, she ended her right, and this court's power to pass on questions of error which have now become of no judicial effect, so far as concerns the satisfied sentence of the court below.

We have not discussed the many cases bearing on this general subject, for the reason that in none of them were the controlling facts such as exist in the present one. But reference may appropriately be made to Ex parte Lange, 85 U. S. 163, 21 L. Ed. 872. It is not on all fours with the present one, in that the trial court there imposed a sentence of both fine and imprisonment, when the statute only authorized one. But even in the face of such an unlawful sentence, when either the fine or the imprisonment was unlawful, the Supreme Court, nevertheless, held the payment of the fine was a satisfaction of the judgment, saying:

"We are of opinion that when the prisoner, as in this case, by reason of a valid judgment, had fully suffered one of the alternative punishments to which alone the law subjected him, the power of the court to punish further was gone; that the principle we have discussed then interposed its shield, and forbid that he should be punished again for that offence."

Such being the effect where one of the two punishments was unlawful, much more should it be the effect where the statute before us made it lawful for the court below to impose both fine and imprisonment, and the court, instead of imposing both, gave the defendant the option of satisfying the judgment of imprisonment by paying a fixed fine. Having voluntarily taken advantage of the court's leniency, and by payment of the fine satisfied the alternative judgment of imprison-

ment, she cannot complain if the law leaves her where she has voluntarily placed herself.

The writs of error in the cases of Braun et al. (2728), Braun (2729), Bergdoll (2730), and Romig (2731) involve the same questions, and all will be dismissed.