CITY OF CRESTON, Appellant, v. N. W. KESSLER, Appellee.

**MUNICIPAL CORPORATIONS:** Ordinances—Violation—Non-permis-
1 sible Appeal. A city, in a criminal prosecution for the violation of
its own ordinance, may not appeal from a judgment of *conviction* in
the district court.

**JUSTICES OF THE PEACE:** Appeal—Correction of Transcript. The
2 district court, on appeal from a mayor's court, may, on affidavit
proof, correct an erroneous recital in the transcript relative to the
taking of an appeal.

Headnote 1: 28 Cyc. p. 822. Headnote 2: 16 C. J. p. 375.

*Appeal from Union District Court.*—HOMER A. FULLER, Judge.

OCTOBER 19, 1926.

Appeal by the *plaintiff* from a judgment of conviction in the
district court against the *defendant.*—*Dismissed.*

*R. Brown,* for appellant.

*E. L. Carroll,* for appellee.

EVANS, J.—On June 24, 1925, the defendant, Kessler, was
arrested on a charge of intoxication, whereby the ordinance of
the plaintiff city had been violated. On June 25th, he was
brought before the mayor, and entered a plea
of guilty, and was sentenced to imprisonment
in the county jail for thirty days. On June
26th, counsel appeared for him, and purported
to take an appeal to the district court. An appeal bond was
presented, and approved by the mayor, and a release of the
prisoner was ordered by such mayor. The case having been duly
docketed in the district court and the transcript of the mayor
being filed therein, the plaintiff filed a motion to dismiss the
appeal for want of jurisdiction. The claim of want of jurisdic-
tion was predicated upon the transcript, which failed to disclose
that any appeal had been taken. The transcript also affirmatively
stated that "no formal written notice of appeal was given." This

*1. MUNICIPAL COR-
PORATIONS: or-
dinances: vio-
lation: non-
permissible
appeal.*

motion was resisted by the defendant, and the resistance was supported by the affidavit of his counsel, to the effect that he had delivered to the mayor a written notice of appeal on June 26th, and presented an appeal bond, which was approved by the mayor, and whereby the mayor at once ordered the release of the defendant. The city did not controvert this affidavit by any counter-affidavit by the mayor. Thereupon, the court assumed jurisdiction, and brought the case to a hearing in the court. At such hearing, the defendant again entered a plea of guilty. Judgment was entered against him, imposing a fine of $25 and costs. It is from this judgment that the *plaintiff* appeals. The judgment thus appealed from affected in no manner any right of the plaintiff's. The judgment was in no sense adverse to it. It has no grievance, in a legal sense. If the district court in fact entered an adverse judgment against the defendant, only the defendant himself could complain of it. The plaintiff has no grievance, and therefore no standing in this appeal.

We may say further that the district court was authorized to take account of the affidavit filed on behalf of defendant and to determine the truth of the matter. Nor was it necessary that 2. JUSTICES OF THE it should order a formal correction by the jus-PEACE: appeal: tice of his transcript, as a condition precedent correction of transcript. to the jurisdiction of such district court. In such a case, Section 13593, Code of 1924, provides:

"The court shall have full power to compel the correction by said justice of any error made apparent in his transcript, statement of testimony, or in any papers returned by him, or may make the necessary correction itself, and, on the papers, may affirm or reverse the judgment of the justice, or render such judgment as he should have done."

The appeal is dismissed.—*Appeal dismissed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.