CITY OF DENISON, IOWA, appellee, v. DONALD McCORD, appellant.

No. 50070.

(Reported in 105 N.W.2d 485)

OCTOBER 18, 1960.

Lee J. Farnsworth, of Denison, for appellant.

Page & Nash, of Denison, for appellee.

LARSON, C. J.—The question raised on this appeal is unique, to say the least, i.e., may one appeal a conviction in a J. P. or Mayor's court when he voluntarily or involuntarily pays his fine in order to gain his release from custody? The district court dismissed defendant's appeal and he appeals to us.

The record consists of a copy of the information, warrant of arrest, and the transcript of the criminal docket in the

Mayor's court of L. D. Servoss, Mayor of the City of Denison, Crawford County, Iowa, and copies of various pleadings filed pursuant to a notice of appeal and an appropriate appeal bond. It appears therefrom that the defendant, Donald McCord, pursuant to a preliminary information, was charged with the offense of disturbing the peace of a private family (window peeping) on the 17th day of June, 1958, in the City of Denison, Iowa. He was brought before Mayor L. D. Servoss, entered a plea of not guilty, and on June 19, 1958, was tried, found guilty, and fined $25 and costs in the sum of $6.25. Upon the transcript appears the following statement: "June 19, 1958, defendant paid fine in amount of $25.00 and costs in amount of $6.25. June 28, 1958, Notice of appeal filed. $100.00 currency filed. Appeal Bond filed July __, 1958." While it is agreed defendant was not represented by counsel at the trial, the notice of appeal dated June 28, 1958, was prepared and signed by his present attorney.

Thereafter on October 10, 1958, defendant filed a request in the district court for a Bill of Particulars, and requested oral argument. On November 19, 1958, the City filed a motion to strike the "cause from the Docket", and as basis therefor alleged that "it appears from the record, from the proceedings had in the lower court * * * that the Defendant satisfied the Judgment in the Mayor's Court by payment of the fine and costs assessed and adjudged against him and by such action he has waived his right to appeal." Also, "That by the voluntary payment of the judgment against him the defendant has deprived this Court of jurisdiction to determine more than abstract questions", and that "* * * *this Court has no jurisdiction to hear and determine*" this matter. (Emphasis supplied.)

Defendant then filed what is denominated a motion to strike, etc., in which he states: "The said purported pleading alleges as a statement of fact that the defendant 'voluntarily' paid the fine assessed against him. The defendant denies this statement and states on his own behalf that the said fine was exacted from him under threats, duress and intimidation, and that the defendant was not informed of his right to appeal this cause to a higher court, and that the defendant was denied the

opportunity to seek legal advice before said fine was exacted from him." He further alleged in said pleading "that this court now has complete and exclusive jurisdiction of this cause * * *."

On June 19, 1959, the court ruled on these motions and provided therein: "The City of Denison in this cause of action has filed a motion to strike. Under the provisions of Section 762.9 [762.49] of the 1958 Code of Iowa, it is not permissible to dismiss an appeal from the justice of the peace court and the Mayor's court is considered in the same manner as the justice of the peace court. Accordingly, the motion to strike the appeal at this time is overruled." It reserved *"questions of law* raised in the motion to strike" until the matter was set down for trial. (Emphasis supplied.)

Thereafter on September 9, 1959, a second motion to dismiss was filed on behalf of the City reciting that this *"Court having assumed jurisdiction* for this cause and the cause having been assigned for trial", it should be dismissed because the right of appeal had been waived by "the voluntary payment of the judgment", and no good could result from a retrial of the matter. (Emphasis supplied.)

On September 12, 1959, defendant resisted the City's motion and again alleged an involuntary payment of the fine and costs, and advised the court that "the mayor, as presiding justice, extorted the said fine from the defendant * * * by subjecting the defendant to violent, profane, and abusive language calculated to frighten and confuse this defendant, * * * by threatening the defendant with a greater fine and a long prison sentence", and denying him the right to be represented by counsel either during the trial or before receiving the fine.

The trial court in its ruling December 11, 1959, dismissed the appeal, apparently on the thought that the Mayor's transcript, which does not indicate that the fine and costs were not paid voluntarily, constituted a waiver of defendant's right to appeal. It stated: "There is no evidence or submission to the Court to the contrary. Nor has there been anything submitted to the Court by way of evidence which would give this Court any reason to believe that there were any irregularities in the

proceedings had thus far." With this conclusion we are unable to agree.

■ I. No appeal from the judgment of a justice of the peace in a criminal case shall be dismissed. Section 762.49, Code of Iowa, 1958. When jurisdiction has been taken by the district court, the provisions of this section seem conclusive. The case then must be tried de novo. Section 762.48, Code of 1958. Section 762.43 provides:

"The justice rendering a judgment against the defendant must inform him of his right to an appeal therefrom, and make an entry on the docket of the giving of such information, and the defendant may thereupon take an appeal, by giving notice orally to the justice that he appeals, or by delivering to the justice, not later than twenty days thereafter, a written notice of his appeal, and, in either case the justice must make an entry on his docket of the giving of such notice."

It appears from the scanty record herein that the district court accepted jurisdiction of this appeal in its first ruling on the City's motion to dismiss. From the record it is clear the City assumed it had done so. While it may be that the district court could reconsider its former ruling and decide it did not have jurisdiction as a basis for the later dismissal, such ruling is not specific nor evident. Nevertheless it seems desirable that we consider the effect of payment of the fine both as jurisdictional and as it relates to the merits of the cause.

■ II. If the district court had retained jurisdiction, a full and complete trial de novo is required and no special request is necessary to submit evidence that a payment was or was not voluntary and that the right to appeal was waived. Such evidence would be admissible in the trial as a matter of course, but the matter could not be dismissed on motion. Thus it would seem that on December 11, 1959, this cause should have been heard de novo and judgment rendered thereon.

III. If we accept the view that the district court in its ruling December 11, 1959, reversed itself and found it had no jurisdiction of the cause because of waiver, we must consider the record in order to affirm or reject the court's judgment. The question as to whether the district court should accept

jurisdiction here is not one of law alone, but is largely a question of fact.

It must be conceded that, were it not for the recitation on the face of the transcript filed in the appeal to the district court that the fine and costs had been paid, the dismissal upon the City's motion would have been invalid. It is the City's contention that, having paid the fine and costs, the judgment was satisfied, does not exist, that there was nothing then to appeal from, and that by the payment and discharge of the judgment the defendant waived his right to appeal. Intent, actual or implied, must be found in waiver. Terry v. American Ins. Co., 202 Iowa 1291, 211 N.W. 716.

IV. As a general rule courts are agreed that by the voluntary payment of a fine a judgment is satisfied and the right to appeal is waived. State v. Westfall and Mathews, 37 Iowa 575; State v. Boulton, 229 Minn. 576, 40 N.W.2d 417; People v. Ortwski, 220 Mich. 462, 190 N.W. 239; People v. Melovicz, 221 Mich. 620, 192 N.W. 562; The People v. Donahoe, 223 Ill. App. 277; Bergdoll v. United States, 3 Cir., 279 F. 404; 24 C. J. S., Criminal Law, section 1668; 2 Am. Jur., Appeal and Error, section 231; 18 A. L. R. 867; 74 A. L. R. 638. The reasoning is that the defendant, having paid his money in mistake of his legal rights, cannot recover it any more than he could recover the time spent in jail serving out a sentence, and that unless specifically required by law, courts will not determine mere abstract questions in order to satisfy the curiosity of the one convicted.

V. The serious question then before us is as to the situation where the defendant contends, as he clearly does here, that he was not given an opportunity to consult an attorney before paying the fine, was not advised by the mayor of his right to appeal (section 762.43), and paid his fine under threats and abuse involuntarily.

It is true the Mayor's transcript does not show any of these circumstances. It is on a printed form usually used in such cases, which in printing recites that the Mayor or Justice "informed him of his statutory rights." There is no statement that the fine was paid voluntarily, but unless challenged such

fact must be presumed. It was challenged here. What then is the situation?

■ We considered the importance and significance of recitations in such transcripts in the City of Creston v. Kessler, 202 Iowa 372, 210 N.W. 464. This was not a case where the judgment had been satisfied, but it was an attack upon the Mayor's transcript for failure to show defendant's attorney had delivered to the Mayor a written notice of appeal and had presented an appeal bond which was approved by the Mayor. The transcript itself stated that "no formal written notice of appeal was given", which the City claimed showed a lack of jurisdiction in the district court. The City's attempt to obtain dismissal of the appeal in this manner was resisted by defendant and he supported his resistance by an affidavit of his counsel. The City did not file a counteraffidavit, and the district court assumed jurisdiction of the case and heard the appeal. It would appear, therefore, that such recitations once challenged are not taken as a verity, and the court favors maintenance of the right to appeal, especially by a defendant in a criminal action. We said in the Creston case (page 373 of 202 Iowa): "* * * the district court was authorized to take account of the affidavit filed on behalf of defendant and to determine the truth of the matter. Nor was it necessary that it should order a formal correction by the justice of his transcript, as a condition precedent to the jurisdiction of such district court." This was in spite of the provisions of section 762.37, Code, 1958, pertaining to the correction of transcripts.

■ While there was no affidavit filed herein, the City's motion to dismiss was resisted by defendant, and therein he attacked the truth of the implication that the fine was paid voluntarily and asserted that it was obtained by duress. It clearly denied waiver. Under these circumstances it seems desirable, if not necessary, for the district court to determine the *true facts* after hearing set for that purpose. Waiver would depend upon those findings. It is stated in 2 Am. Jur., Appeal and Error, section 229, page 986:

"As in civil cases, in certain instances the right to appeal * * * may be waived in a criminal case, unless the statute pro-

vides for an appeal from all criminal cases. However, from the nature of a criminal prosecution it seems apparent that the courts should scrutinize any alleged waiver very closely, at least as to the defendant."

■ ■ This is especially true, we think, in appeals from Justice of Peace courts, including Mayor's courts, which are somewhat informal in this state. The City contends in its brief that the defendant at no time requested permission to produce evidence that the fine was exacted by threats, intimidation, duress or coercion directed against him. It is true no direct request for such permission was made, but we think the defendant's contention was sufficiently made to require the court to prescribe a hearing and take evidence on this vital issue. It seems to us, in fairness to one charged with a crime, that every opportunity must be given him to sustain his statutory right of appeal. This is the clear implication, if not the actual provision, of chapter 762 of our Code, and especially section 762.49. 2 Am. Jur., Appeal and Error, sections 226, 227, and authorities cited.

For these reasons we believe the matter must be remanded, at least for the purpose of a hearing to determine whether the fine was paid voluntarily and the right to appeal waived. If it was not, the cause could not be dismissed and must stand for trial de novo in the district court.—Reversed and remanded.

BLISS, OLIVER, GARFIELD, HAYS, PETERSON, GARRETT, and THORNTON, JJ., concur.

THOMPSON, J., dissents.