**Arlo ZICK, Appellant,**

**v.**

**Charles HAUGH, Warden, Appellee.**

**No. 53429.**

Supreme Court of Iowa.

March 11, 1969.

Jerald R. Bronemann, Monticello, for appellant.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., and Roger F. Peterson, County Atty., for appellee.

GARFIELD, Chief Justice.

Plaintiff has appealed to us from the district court's denial of a writ of habeas corpus following trial upon his petition. We dismiss the appeal as not timely taken.

Plaintiff was a prisoner in the men's state reformatory under a sentence following his plea of guilty to robbery. The habeas corpus action was based upon the claim plaintiff's attorney in the criminal case was incompetent in advising him to plead guilty and not explaining to him he could plead not guilty and stand trial. (Plaintiff was first charged with robbery with aggravation rather than the lesser offense to which he pleaded guilty.)

Final judgment denying the writ of habeas corpus was entered May 14, 1968. Plaintiff filed notice of appeal June 14, 1968.

Rule 335 Rules of Civil Procedure, so far as applicable, provides: "Appeals to the supreme court must be taken within, and not after, thirty days from the entry of the order, judgment or decree, unless a motion for new trial or for judgment notwithstanding the verdict is filed as provided in rule 247, and then within thirty days after the ruling on such motion; * * *"

The pertinent part of Rule 366 R.C.P. as amended January 26, 1967 states that unless the last day for filing an appeal falls on a Saturday, Sunday or holiday "In computing time, the first day shall be excluded and the last included * * *." No Saturday, Sunday or holiday is involved in computing the time for taking this appeal to us. See section 4.1, subd. 23 Code 1966.

Incidentally the rule in Iowa for computing time is that which prevails generally. 86 C.J.S. Time § 13(1), pages 848–849 and cases cited note 66; 52 Am. Jur., Time, section 17, pages 342–344; Anno. 98 A.L.R.2d 1331. See also Fetters v. City of Des Moines, 260 Iowa 490, 149 N.W.2d 815, 819.

We must hold June 14 is not within 30 days from the entry of the judgment on May 14. Excluding that day as the rule requires, 17 days remained in May after the judgment was entered. Thus the thirtieth—last—day for taking the appeal was June 13. The notice filed on June 14 was one day late.

Rule 335 R.C.P. is mandatory and jurisdictional. Sandler v. Pomerantz, 257 Iowa 163, 165, 131 N.W.2d 814; Jackson v. Jackson, 248 Iowa 1365, 1368, 85 N.W.2d 590.

Since we are without jurisdiction to entertain the appeal, we dismiss it with costs taxed to plaintiff.

For the benefit of plaintiff and his present counsel we will say by way of dictum that if we were to entertain the appeal we would affirm the denial of the writ of habeas corpus. See State v. Delano, Iowa, 161 N.W.2d 66, 72–74.

Appeal dismissed.

All Justices concur.