**The STATE of Iowa for the use of the CITY OF DUBUQUE, Appellee,**

v.

**Robert Joseph McCLOSKEY, Appellant.**

**No. 53157.**

Supreme Court of Iowa.

April 8, 1969.

C. J. May, Jr., Dubuque, for appellant.

William A. Conzett, Dubuque, for appellee.

GARFIELD, Chief Justice.

Defendant was charged in the municipal court of the City of Dubuque with a traffic violation by "running a red light" in the city, hitting another vehicle, contrary to a city ordinance. He pleaded not guilty, was found guilty after trial and fined $35 and costs. Defendant attempted to appeal to the district court as section 762.43 Code 1966 permits. (The Dubuque municipal court exercises the jurisdiction conferred on justice of peace courts in such criminal matters as this. Code section 602.15.)

The city filed motion in the district court to dismiss defendant's appeal to it on the grounds: (1) notice of the appeal was not given, if at all, within 20 days after entry of the judgment, in accordance with section 762.43; and (2) defendant paid the fine and costs to the clerk of the municipal court on October 26, 1967, the day they were assessed, this was a satisfaction of the judgment, and defendant thereby waived his right of appeal.

Defendant's resistance to the city's motion just referred to alleged: (1) he ad-

vised his counsel immediately after entry of the judgment and before paying it of his intent to appeal and counsel did not warn defendant of the consequences of such payment nor prevent his doing so; (2) his counsel advised him at least six times they had 30 days to perfect the appeal when in fact only 20 days are allowed; (3) defendant never intended to waive his right to appeal; and (4) his payment of the fine and late filing of his notice of appeal to the district court were caused by having ineffective counsel.

Following a hearing on the city's motion to dismiss the appeal, at which both parties were represented by counsel, the district court ruled the appeal was not taken within the time or in the manner provided by statute, payment of the fine and costs terminated the right of appeal, defendant's counsel was not ineffective, the district court was without jurisdiction to entertain the appeal to it and, without asserting jurisdiction, the appeal was dismissed.

Defendant appealed to this court from such dismissal and gave notice to the city and the clerk of the district court the appeal would be submitted, pursuant to Court Rule 15 (page 3004 Code 1966) on the transcript filed here under Code section 793.6. Since this manner of submitting the appeal obviously accords with the desire of defendant and his counsel, we entertain and decide it on such record. Being without the benefit of briefs has, of course, required added effort from us.

I. Code section 762.43 provides:

"Appeal—how taken. The justice rendering a judgment against the defendant must inform him of his right to an appeal therefrom, and make an entry on the docket of the giving of such information, and the defendant may thereupon take an appeal, by giving notice orally to the justice that he appeals, or by delivering to the justice, not later than twenty days thereafter, a written notice of his appeal, and in either case the justice must make an entry on his docket of the giving of such notice."

As stated, with an exception not here applicable, the municipal courts exercise the jurisdiction conferred on justice courts in prosecutions for the violation of city ordinances. Section 602.15.

Further, section 602.44 provides: "In class 'D' actions, appeals shall be taken to the district court as provided in the case of appeals from justice courts." Class "D" actions in municipal courts include "all criminal actions for the violation of city ordinances." Section 602.25.

It is thus clear, concededly so, the time allowed by statute for giving notice of appeal to the district court from the judgment of the municipal court was 20 days after entry thereof. This judgment entry and the municipal court docket both recite, as section 762.43 requires, defendant was informed of his right of appeal and the appeal bond was fixed at $100.

The judgment was entered October 26, 1967. There is no record or claim the judge of the municipal court was given notice orally that defendant appealed. The only purported notice of appeal was a written one filed with the clerk of the municipal court November 24, 1967, the 29th day after entry of the judgment. See Zick v. Haugh, Iowa, 165 N.W.2d 836. (The appeal bond was dated November 22nd. We do not find time of filing the bond appears.)

We have held compliance with rule 335, Rules of Civil Procedure which provides appeals to this court must be taken within 30 days after entry of the judgment (or ruling on a motion for new trial or for judgment notwithstanding the verdict) is mandatory and jurisdictional. Appeals not taken within such time are therefore dismissed. Zick v. Haugh, supra, and citations. It would seem a similar rule should apply to the appeal to the district court here and that court should be affirmed.

However, at this point we must consider section 762.49 which provides: "Dismissal of appeals prohibited. No appeal from the

judgment of a justice of the peace in a criminal case shall be dismissed."

This statute was considered in City of Denison v. McCord, 251 Iowa 1322, 105 N.W.2d 485, where a defendant paid his fine and costs in mayor's court the day they were assessed and gave notice of appeal to the district court nine days later. The city filed motion in the latter court to dismiss the appeal on the ground such right had been waived by voluntary payment of the judgment. Defendant resisted the motion on the ground the mayor extorted such payment by abuse, threats and denying his right to consult counsel. The trial court dismissed the appeal. We reversed and remanded the matter for a hearing to determine whether the fine was paid voluntarily and the right to appeal waived. "If it was not, the cause could not be dismissed and must stand for trial de novo in the district court."

The disposition of the McCord case seems to indicate that if the fine was paid voluntarily the right to appeal would thereby be waived and the district court could dismiss the appeal notwithstanding section 762.49, quoted supra. This conclusion is strengthened by this from the opinion (page 1327 of 251 Iowa, pages 485–487 of 105 N.W.2d): "As a general rule courts are agreed that by the voluntary payment of a fine a judgment is satisfied and the right to appeal is waived. (citations)."

In City of Denison v. McCord no question was raised as to the taking of the appeal to the district court within the time and in the manner provided by statute. Here it clearly appears no appeal was taken within such time nor, for that matter, in the required manner.

■ We think the provision of 762.49, supra, "No appeal from the judgment * * * shall be dismissed", fairly implies there is a valid appeal, taken within the time and substantially in the manner required by statute. The effect of a contrary holding would be to nullify these vital requirements such as are usually held essential to the jurisdiction of a court to which an appeal is taken.

The legislature could hardly have intended to specify when and how the appeal is to be taken and also provide that an appeal not so taken must stand. The construction we give 762.49 harmonizes it with 762.43 and renders both effective. See in this connection Rath v. Rath Packing Co., 257 Iowa 1277, 1288–1289, 136 N.W.2d 410, 416–417, and citations.

■■ Since our view is that substantial compliance with the requirements of 762.43 as to taking the appeal is essential to the jurisdiction of the district court, we may observe nothing in the record shows the appeal was taken "by delivering to the justice (municipal court judge) * * * a written notice of his appeal, * * *." All that appears is a notice of appeal filed with the clerk of the municipal court.

■ Further, the notice referred to was not addressed to anyone. We have held several times a notice of appeal in a criminal case must be addressed to the party to whom it is to be given and failure so to do renders it fatally defective. State v. Fees, 250 Iowa 163, 165, 93 N.W.2d 103, 104 and citations; State v. McCune, 259 Iowa 386, 144 N.W.2d 401; State v. Birchall, Iowa, 150 N.W.2d 715.

■ II. We think, too, defendant's payment of the fine and costs here terminated his right of appeal. It is not claimed such payment was involuntary nor illegally coerced as in City of Denison v. McCord, supra, 251 Iowa 1322, 105 N.W.2d 485. This conclusion is supported not only by the implication referred to supra in the McCord opinion but also by Bell v. Great Atlantic and Pacific Tea Co., 257 Iowa 241, 243, 132 N.W.2d 358, 359–360 and cases there cited. See also In re Estate of Hoyt, 182 Iowa 876, 166 N.W. 297.

After citing three previous Iowa decisions, the Bell opinion continues: "These cases leave no doubt that a voluntary pay-

ment, even of a cost judgment, is an acquiescence in the judgment below and waives the right of appeal.

"II. Nor do we think it material whether the judgment is paid before, at the time of, or after, taking the appeal. If paid before, there remains nothing to appeal from; if paid after, the appeal is lost by acquiescence and waiver."

III. Regarding the allegation in defendant's resistance to plaintiff's motion to dismiss his appeal to the district court that the cause of his payment of the fine and late filing of the notice of appeal was his representation by ineffective counsel, nothing in the record indicates counsel knew or should have known defendant intended to pay the fine or that there was any need to warn him of the consequences of so doing.

We may assume, as the resistance asserts, counsel incorrectly advised defendant 30 days, rather than 20, were allowed for the appeal. It is sufficient to say we think the district court was not compelled to entertain the appeal, if it could do so, not taken within the time allowed by statute due to the mistaken belief of counsel as to the time. The number of appeals to this court not taken within the time or in the manner provided by statute or rule, and are accordingly dismissed here, is surprising.

We find no sufficient ground to disturb the judgment appealed from.

Affirmed.

All Justices concur except BECKER, J., who takes no part.