**STATE of Iowa, Appellee,**

v.

**Charles V. DUNHAM, Appellant.**

**No. 57941.**

Supreme Court of Iowa.

Aug. 29, 1975.

James P. Rielly, Oskaloosa, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Donald Schild, County Atty., for appellee.

Submitted to MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

The facts in this case are undisputed. August 1, 1974, defendant was convicted of assault and battery in a Poweshiek County magistrate's court. August 9, 1974, he attempted to appeal this conviction pursuant to § 762.43, The Code, by personally filing a notice of appeal (prepared by his lawyer) and an appeal bond with the district court clerk.

The county attorney filed a motion to dismiss the appeal on the ground "no notice of appeal was filed with the Judicial Magis-

trate as required by section 762.43 of the 1973 Code of Iowa." Resisting, defendant argued the magistrate's court is a part of the office of the clerk of the district court, substantial compliance with the statute was thus effected, and further, the district court clerk did not tell him his notice of appeal should be filed in the magistrate's office and not the clerk's office.

December 13, 1974, the district court sustained the motion to dismiss.

Appealing, defendant contends trial court was wrong in sustaining the State's motion on the ground he had not substantially complied with § 762.43.

In 1974 § 762.43 provided in relevant part:

" * * * [A]n appeal may only be taken by the defendant and only upon a judgment of conviction. Execution of the judgment shall be stayed upon the filing with the clerk of the district court an appeal bond with surety approved by the clerk, in the sum specified in the judgment. The defendant may take an appeal, by giving notice orally to the magistrate that he appeals, or by delivering to the magistrate not later than ten days thereafter, a written notice of his appeal, and in either case the magistrate must make an entry on its docket of the giving of such notice. * * * ."

This statute and its predecessors have been before this court on several occasions. *State, City of Dubuque v. McCloskey,* 166 N.W.2d 923 (Iowa 1969); *State v. Leyden,* 13 Iowa 433 (1862); *State v. Moran,* 8 Iowa 399 (1859).

In *City of Dubuque,* supra, defendant filed notice of appeal to district court with the municipal court clerk 29 days after judgment in municipal court. In affirming district court's dismissal of the appeal, we said:

"Here it clearly appears no appeal was taken within such time [20 days] nor, for that matter, in the required manner.

* * *

Since our view is that substantial compliance with the requirements of 762.43 as to taking the appeal is essential to the jurisdiction of the district court, we may observe nothing in the record shows the appeal was taken 'by delivering to the justice (municipal court judge) * * * a written notice of his appeal, * * *.' All that appears is a notice of appeal filed with the clerk of the municipal court."— 166 N.W.2d at 926.

Defendant argues *City of Dubuque* is inapposite here because it was decided before adoption of the unified trial court system. However, we note although § 762.43 has been changed in several respects since that 1969 opinion, the portion prescribing the appeal procedure remains substantially the same.

■ We have often stated where we have placed a particular interpretation on a statute and the legislature has thereafter left it unchanged, it is presumed the legislature has acquiesced in that interpretation. *Smith v. Iowa Liquor Control Commission,* 169 N.W.2d 803, 807–808 (Iowa 1969), appeal dismissed, 400 U.S. 885, 91 S.Ct. 146, 27 L.Ed.2d 130 (1970); *Mallory v. Paradise,* 173 N.W.2d 264, 266 (Iowa 1969). This principle should have even greater application where, as in this case, the legislature has twice amended the statute in other respects, but left intact those provisions requiring oral or written notice to the magistrate whose decision is being appealed.

■ If the language of a statute is plain and unambiguous no duty of interpretation arises; the sole court function is to enforce it according to its terms. *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442, 452–453 (1917); *Maguire v. Fulton,* 179 N.W.2d 508, 510 (Iowa 1970). In § 762.43 the legislature draws a clear distinction between the clerk of the district court, with whom the appeal bond must be filed, and the magistrate, who must receive written or oral notice of ap-

peal. The legislature placed the responsibility on defendant, not on the district court clerk, to give the magistrate notice. No amount of rational interpretation can shift that burden. Nor should the district court clerk be blamed for failing to provide legal advice to defendant relating to appellate procedures. The clerk is prohibited by law from practicing law. See § 606.13, The Code.

It seems equally clear the legislature required appeal notice to the magistrate to trigger the latter's § 762.43 responsibility to "forward to the appropriate district court clerk a copy of the docket entries in his court, together with copies of the complaint, warrant, motions, pleadings and the exhibits or copies thereof, and all other papers in the case" so that those documents might be considered by district court in hearing the appeal.

 Defendant advances two equitable arguments. He first asserts "since the Clerk's office is now actually a part of the Magistrate's Court System * * * it is not fair to require a layman to make the subtle distinction of having to take the notice to the Magistrate." Although defendant personally filed the appeal notice with the clerk he apparently had benefit of counsel at the time, thus the argument loses force. In any event we cannot permit substantial departures from statutory appellate procedures on the basis a layperson is handling his own appeal. The legislature made no such exception. The ultimate result of that policy would be a chaotic breakdown in our judicial system.

Defendant's second argument invokes a statement found in *City of Denison v. McCord*, 251 Iowa 1322, 1329, 105 N.W.2d 485, 489 (1960), that ordinarily every opportunity must be given one charged with a crime to sustain his right of appeal. In *Denison* no issue was raised concerning the appeal procedure. There we simply held when the appellate jurisdiction of the district court was attacked by the city on the ground defendant had waived appeal by

paying the fine in mayor's court, he should be permitted to show the payment was under duress.

The above are the only arguments and issues raised in appellant's brief. He neither asserts a violation of constitutional rights, nor asserts his failure to follow proper appellate procedures was caused by circumstances beyond his control, nor applies for delayed appeal. See *State v. Horstman*, 222 N.W.2d 427, 430 (Iowa 1974) and citations.

Affirmed.