CITY OF ISHPEMING v. MARY MARONEY.

*Certiorari—Voluntary payment of fine—Imprisonment of a woman for violating an ordinance.*

Certiorari does not lie to set aside the judgment where a fine imposed has been voluntarily paid by a third person, and the respondent released before the writ was taken out.

Where a municipal charter gives a person convicted under an ordinance a remedy by certiorari from the circuit court, or by appeal thereto, the Supreme Court cannot be called upon to review the proceedings by certiorari.

Certiorari does not issue from the Supreme Court where any other remedy is adequate. But it may be allowed in cases of want of jurisdiction or of actual imprisonment.

*It seems* that a woman cannot be imprisoned for a mere violation of a municipal ordinance where the offence was not of a criminal nature.

Certiorari to justice of the peace. Submitted October 4. Decided October 11.

*W. P. Healy* for plaintiff in certiorari.   Offenses against city ordinances are not criminal cases:   *Mixer v. Supervisors* 26 Mich. 424; *Cooper v. People* 41 Mich. 403 ; ordinances are no more nor less than by-laws of a corporation : *People v. Jackson* 8 Mich. 112; an action for a penalty for any violation of a municipal ordinance which is not declared to be a misdemeanor is a purely civil action :   *Platteville v. Bell* 43 Wis. 488; no female shall be imprisoned on any process in any civil action:   Comp. L. § 6119 ; nor under municipal ordinances, because the action is in the nature of a civil action; *Strickland v. Bartow* 27 Mich. 68; certiorari is the appropriate remedy to get rid of a void judgment : *L. S. & M. S. R'y Co. v. Hunt* 39 Mich. 470.

City Attorney *E. E. Osborn* for defendant in certiorari. Where a decision can be taken up on appeal, and on that appeal the jurisdictional question as well as those arising on the merits can be fully disposed of, a certiorari should not be allowed unless circumstances exist which show that a failure of justice will result from denying it:   *Farrell v. Taylor* 12 Mich. 113; *Specht v. Detroit* 20 Mich. 171; *Smith v. Reed* 24 Mich. 240; *Withington v. Southworth* 26 Mich. 381; *Savage v. Gulliver* 4 Mass. 178.

MARSTON, J.   While it would seem quite clear that the charge upon which the respondent was arrested was not criminal in its character and that she could not therefore be imprisoned, yet there would seem to be two objections to the present remedy.

*First.* The fine was voluntarily paid by a third person and respondent released before any application was made for the writ.   We are asked, therefore, to set aside and hold for naught a satisfied judgment, and the necessity for so doing is not apparent.   *Powell v. People* 47 Mich. 108.

*Secondly,* a remedy by certiorari and also by appeal to the circuit court was given the respondent by the charter of Ishpeming.

This Court cannot be called upon to review in this way cases like the present, where relief may be fully obtained

in the circuit court of the county where the case originated. We have repeatedly held that the writ of certiorari from this Court should not be favored where any other remedy is adequate. *Dunlap v. Toledo, etc. R. R.* 46 Mich. 190; *Farrell v. Taylor* 12 Mich. 113; *Specht v. Detroit* 20 Mich. 171.

There are cases where a want of jurisdiction existed, or where the party is imprisoned, that would be recognized as exceptions. In such cases the writ from this Court might well be considered as the only adequate remedy.

The present writ must be quashed as having been improvidently issued.

The other Justices concurred.