PEOPLE *v.* ORTWSKI.

CRIMINAL LAW—APPEAL AND ERROR—WRIT OF ERROR HAS NO OFFICE WHERE JUDGMENT SATISFIED BY PAYMENT OF FINE.

Where the sentence for violation of the prohibition law was alternative, fine or imprisonment, and the fine was paid at the time the writ of error was sued out, and no showing made that payment was made under distress or duress, the judgment is satisfied and the writ has no office.

Error to recorder's court of Detroit; Cotter (Thomas M.), J. Submitted June 15, 1922. (Docket No. 90.) Decided November 2, 1922.

Stanley Ortwski and Joseph Goranosski were convicted of violating the liquor law, and sentenced to pay a fine of $950 or to imprisonment for 6 months in the Detroit house of correction. The fine having been paid, the writ of error is dismissed.

*McClear, Stein & Sarbaugh* (*J. Richard Newman*, of counsel), for appellants.

*Merlin Wiley*, Attorney General, *Paul W. Voorhies*, Prosecuting Attorney, and *Seward F. Nichols*, Assistant Prosecuting Attorney, for the people.

CLARK, J. Defendants were convicted of a violation of the prohibition law. The judgment was alternative, fine or imprisonment. It was conceded by counsel at the argument, and it is also indicated by the transcript of calendar entries in the record, that when the writ of error was sued out the fine had been paid. There is nothing in the record to indicate that the payment was under distress or duress beyond the

fact that the judgment was alternative.  See *People*
v. *Leavitt,* 41 Mich. 470; *Clairview Park Imp. Co.* v.
*Railway,* 164 Mich. 74 (33 L. R. A. [N. S.] 250);
*Ideal Furnace Co.* v. *Molders' Union,* 204 Mich. 311;
17 C. J. p. 48.

The judgment having been satisfied by payment, the
writ has no office.    It is dismissed.

FELLOWS, C. J., and WIEST, McDONALD, BIRD,
SHARPE, MOORE, and STEERE, JJ., concurred.