PEOPLE *v.* MILLER.

1. CRIMINAL LAW—DETERMINATION OF MOTIONS TO DISMISS AND SUPPRESS.

Determination of motions to dismiss a criminal charge against accused and to suppress the evidence obtained by a search of accused's automobile rests upon the showing at the preliminary examination, and therefore testimony later taken on the trial, amplifying the circumstances of the search, may not be considered by the Supreme Court in reviewing denial of the motions.

2. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT MUST BE REASONABLE.

Except where special restrictions are imposed by statute, the test of the legality of a search without a warrant is whether it is reasonable.

On the question of admissibility of evidence obtained by illegal search and seizure, see annotation in 24 A. L. R. 1408; 32 A. L. R. 408; 41 A. L. R. 1145; 52 A. L. R. 477.

3. Same—When Search Without Warrant Justifiable.

An officer, charged with enforcement of the law, may search, without a warrant, an automobile on the highway or in a public place, when, from the exercise of his own senses or acting upon information received from sources apparently reliable, a prudent and careful person, having due regard for the rights of others, would be induced to the honest belief that a felony was being committed in such automobile, but anonymous information does not meet the test.

4. Criminal Law—Carrying Pistols in Automobile—Evidence—Admissibility.

General suspicion that an automobile standing in a private yard might have been stolen because it was without license plates did not justify a search of the automobile, when, by raising the hood and examining the engine number, the officer could have satisfied himself that it was not on his list of stolen cars, and therefore evidence that pistols were carried in the automobile contrary to Act No. 372, Pub. Acts 1927, so obtained, was not admissible in a prosecution therefor.

Error to Cass; Warner (Glenn E.), J. Submitted October 12, 1928. (Docket No. 127, Calendar No. 33,804.) Decided December 4, 1928.

Raymond Miller was convicted of carrying concealed weapons in an automobile. Reversed, and defendant discharged.

*Asa K. Hayden,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Jack L. Pollock,* Prosecuting Attorney, for the people.

Fead, C. J. Defendant was convicted of carrying two pistols concealed in an automobile, contrary to the provisions of Act No. 372, Pub. Acts 1927. The weapons were found on search of his car by officers. By objections to admission of testimony on the preliminary examination before the magistrate, by mo-

tion in the circuit court to dismiss the cause for the reason that there had been no competent testimony produced at the examination to justify his being held for trial, and by motion to suppress the evidence so obtained by the officer, he properly challenged the validity of the search. This presents the only question in the case.

The testimony taken at the examination constituted the whole showing on the motion to suppress. The determination of the motions to dismiss and to suppress rests upon such showing. Testimony later taken on the trial, amplifying the circumstances of the search, cannot be considered.

Only one witness, the undersheriff, was sworn on the examination. He testified that it had been reported to the officers that a Chrysler car without license plates had been left in a farmyard. He went there about midnight, observed that the car had no license plates, thought it might have been stolen, found it locked, pried the window open, searched, and found two pistols in a small compartment under the floor board. He stated that the car was not in a highway but was in a farmyard. The defendant was not present. The officer returned the next day and found defendant working on his car. At that time defendant told him he had had trouble with it and had hired the farmer to draw it into the yard. The officer did not give the source of his original information nor identify his informant. The record did not indicate that he made any inquiry of the owner of the premises before searching. The reason for the search was thus stated by the officer:

"Well, the fact that the car had no license plates and the car was left down there in a man's yard within a mile of a garage where it could be parked. Where it was it would have been a very easy matter

to come along and strip the car and all these facts led us to believe it was a stolen car, and we have a number of cards showing Chryslers stolen and what we really thought at that time was that it was a stolen car and that was our reason for searching it. To get some identification who the car belonged to.''

Except where special restrictions are imposed by statute, the test of the legality of a search, without a warrant, is whether it is reasonable. *People* v. *Case,* 220 Mich. 379 (27 A. L. R. 686). In applying the test to modern conditions, this court has held that an officer, charged with enforcement of the law, may search an automobile on the highway or in a public place when, from the exercise of his own senses or acting upon information received from sources apparently reliable, a prudent and careful person, having due regard for the rights of others, would be induced to the honest belief that a felony was being committed in such automobile. *People* v. *Kamhout,* 227 Mich. 172. Anonymous information does not meet the test. *People* v. *Guertins,* 224 Mich. 8.

It is only a misdemeanor to drive an automobile without license plates on a highway. It is not a violation of law to so have it on private premises. Before proceeding to the farm, the officer had no information of the commission of a felony which would justify a search. At most, what was told him merely raised a suspicion that the car might have been stolen and indicated a situation which warranted investigation. His legitimate investigation disclosed no evidence of crime, nor was it of such character as would raise his suspicion to the dignity of honest belief in a prudent person, induced by reasonable and reliable information. He made no inquiry of the owner of the premises to ascertain the circumstances under which the car was left or

the identity of its owner. By lifting the hood of the car he could have obtained the engine number and would have discovered that it was not on his list of stolen cars. With these means of reliable information ready at hand, and unused, he had no more solid ground than general suspicion to justify search of the interior of the car. It was not sufficient.

The judgment is reversed, and, as without the evidence obtained by illegal search the defendant was not properly put on trial, he is discharged.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.