PEOPLE v. GOSS.

1. SEARCHES AND SEIZURES—WHEN SEARCH AND SEIZURE WITHOUT WARRANT JUSTIFIED.

To justify a search and seizure without a warrant, the officer must act on some fact or circumstance or upon some such information as would create in his mind a reasonable and honest belief that the law was being violated.

2. SAME—INFORMATION GIVEN BY ACCUSED SUFFICIENT—INTOXICATING LIQUORS.

Where defendant told the officer that he had a load of intoxicating liquor, the information thus conveyed was sufficient to justify a search and seizure of the liquor without a warrant.

3. CRIMINAL LAW—COURT'S DETERMINATION OF VALIDITY OF SEARCH AND SEIZURE CONCLUSIVE.

The trial court's denial of a motion to suppress evidence on the ground that there was an unlawful search and seizure was conclusive, and therefore the submission of said question to the jury, when it was again decided adversely to defendant, although not the proper practice, was not injurious to him.

Error to St. Joseph; Johnson (Clayton C.), J. Submitted January 18, 1929. (Docket No. 165, Calendar No. 34,142.) Decided March 29, 1929.

Joseph Goss was convicted of violating the liquor law. Affirmed.

*Harry S. Bennett,* for appellant.

*Wilber M. Brucker,* Attorney General, *Lawrence H. Neindorf,* Prosecuting Attorney, and *James T. Sloan,* Assistant Prosecuting Attorney, for the people.

McDONALD, J.  The defendant was convicted under an information charging the unlawful possession and transportation of intoxicating liquors.

On September 27, 1927, he was driving an automobile on a public highway in the county of St. Joseph, Michigan. He was stopped by a State police officer, who had observed that there was no license plate on the front of the automobile and that the number on the rear plate was not readily discernible. After some conversation with the officer, it is claimed that the defendant admitted he had liquor in the car and expressed a desire to "fix it up." The officer searched the car, found the liquor, and placed the defendant under arrest. The liquor thus obtained was used as evidence against the defendant on the trial. It was claimed that there was an unlawful search and seizure, and a motion to suppress was seasonably made on that ground. Though the motion was denied, the trial court later submitted the question to the jury, and again it was decided adversely to the defendant.

The contention of the defendant is stated in his brief as follows:

"In searching the defendant's automobile without a warrant the officer exceeded his authority and invaded a constitutional right of defendant. It is the position of the defendant that the search and seizure was unreasonable in that no offense was being committed in the presence of the officers at the time of defendant's arrest."

The fact that intoxicating liquor was found in the car shows that an offense was being committed in the officers' presence. But that fact would not justify the search and seizure. As we have frequently explained, to justify a search and seizure, the officer must act on some fact or circumstance or

upon such information that would create in his mind a reasonable and honest belief that the law was being violated. In this case the information was sufficient. It came from the defendant himself. The officer testified that, before he made a search of the car, the defendant told him that he had a load of liquor. "I have got plenty. Let's fix this up." This information was sufficient to justify the search, and, when he found the liquor, it was the duty of the officer to place the defendant under arrest. The court did not err in refusing to suppress the evidence thus obtained.

It is alleged as error that the court submitted the question of the search and seizure to the jury after he had denied the motion to suppress. When the court had decided the motion to suppress, the question of the validity of the search and seizure was settled. In again making it an issue for the jury on the trial, the court did not follow the proper and approved practice. But we cannot understand in what way the defendant was injured by being given a second hearing on the question, a hearing to which he was not entitled.

We find no error in the record. The judgment of conviction is affirmed, and the cause remanded for its enforcement.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, and SHARPE, JJ., concurred. POTTER, J., did not sit.