PEOPLE v. ORLANDO.

1. ARREST—PROBABLE CAUSE—SEARCH WITHOUT WARRANT.

   If an officer believes and has good reason to believe that one
   has committed a felony or is committing a felony in the
   officer's presence, he has probable cause and may arrest with-
   out a warrant and search him before confining him in jail
   (3 Comp. Laws 1929, § 17149, as amended by Act No. 84, Pub.
   Acts 1935).

2. SAME—PROBABLE CAUSE.

   Whether an officer has reasonable cause to believe the person
   arrested committed a felony must depend upon the situation
   in the particular case (3 Comp. Laws 1929, § 17149, as
   amended by Act No. 84, Pub. Acts 1935).

3. CRIMINAL LAW—STENCH BOMBS—ARREST—PROBABLE CAUSE.

   Where both defendants were seen to enter a theater and one was
   seen to leave the theater after coming up from the lavatory and
   the other was apprehended in the lavatory where a stench
   bomb was found in the toilet and upon each of the defendants
   there was an odor similar to that of the stench bomb, the
   arresting officer had good reason to believe both defendants
   were involved in the placing of the stench bomb in the theater
   (3 Comp. Laws 1929, § 17149, as amended by Act No. 84,
   Pub. Acts 1935; Act No. 328, § 209, Pub. Acts 1931, as
   amended by Act No. 41, Pub. Acts 1937).

4. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—STATUTES.

   Except where special restrictions are imposed by statute, the
   test of the legality of a search, without a warrant, is whether
   it is reasonable (3 Comp. Laws 1929, § 17149, as amended
   by Act No. 84, Pub. Acts 1935).

5. SAME—SEARCH WITHOUT WARRANT—AUTOMOBILES ON PUBLIC
   STREET.

   An officer, charged with enforcement of the law, may search,
   without a warrant, an automobile on the highway or in a

public place, when, from the exercise of his own senses or acting upon information received from sources apparently reliable, a prudent and careful person, having due regard for the rights of others, would be induced to the honest belief that a felony was being committed in such automobile.

6. SAME—SEARCH    WITHOUT    WARRANT—AUTOMOBILES—STENCH BOMBS.

Officers, acting pursuant to orders from officer in charge of defendants who had been arrested without a warrant upon . probable cause for belief they had placed a stench bomb in a theater, who knew clothing defendants were wearing had a smell similar to that of the stench bomb and that one of the defendants had a certificate of title of an automobile on his person, who had good reason to believe bomb had been brought to theater in a car which was found unlocked nearby, with a package lying on the back seat, were justified in making a search and seizure of the car (Act No. 328, §§ 209, 210, Pub. Acts 1931, as amended by Act No. 41, Pub. Acts 1937).

7. CRIMINAL LAW—STENCH BOMBS—EVIDENCE.

Evidence of stench bomb, containing ammonium valerate, found in a package on the back seat of an automobile near theater in which defendants had released another bomb containing the same fluid, was properly admitted in prosecution for placing a foul substance in a building with intent to injure a business and for possession of such bomb since such bombs were dangerous weapons, which, seized under such circumstances, were not barred from evidence in criminal cases (Const. 1908, art. 2, § 10, as amended in 1936; Act No. 328, §§ 209, 210, Pub. Acts 1931, as amended by Act No. 41, Pub. Acts 1937).

8. SAME—STENCH BOMBS—OWNERSHIP OF AUTOMOBILE.

Admission of evidence of ownership of car in which a stench bomb was found by officers after defendants had been arrested without a warrant for placing a stench bomb in a theater was not error in ensuing prosecution where papers were found on person of one of the defendants and officers had reasonable cause to believe defendants had committed the felony (Act No. 328, §§ 209, 210, Pub. Acts 1931, as amended by Act No. 41, Pub. Acts 1937).

Appeal from Recorder's Court for the City of Detroit; Van Zile (Donald), J. Submitted May 6, 1943. (Docket No. 76, Calendar No. 42,050.) Decided June 7, 1943. Rehearing denied September 7, 1943.

Charles Orlando and Charles Parise were convicted of violation of Act No. 328, §§ 209,* 210, Pub. Acts 1931, as amended by Act No. 41, Pub. Acts 1937. Affirmed.

*Michael McNamara* and *Seddon L. Etherton,* for appellants.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Henrietta E. Rosenthal,* Assistant Prosecuting Attorney, for the people.

SHARPE, J. Defendants were tried and convicted of a violation of Act No. 328, §§ 209,* 210, Pub. Acts 1931 (Comp. Laws Supp. 1940, §§ 17115–209, 17115–210, Stat. Ann. §§ 28.406, 28.407). They were charged with possessing and placing a "stench bomb" in the Center Theatre in Detroit, Michigan.

On the evening of May 9, 1940, a "stench bomb" had been released in the Center Theatre. A police officer was called and a search of the theater was made. Charles Orlando was apprehended and arrested in the theater and Charles Parise was apprehended about a block away from the theater, brought back to the theater and there placed under arrest. Both defendants were taken to a police station and searched. On the person of Charles Parise, a certificate of title and a certificate of registration of a motor vehicle, the license number of which was BP-3731, were found. When asked about the car, Charles Parise stated that the car belonged to a friend of his. Police officers were asked to locate the car and the same was found unlocked, about one block from the theater. The officer who located

_____

* Section 209 was amended by Act No. 41, Pub. Acts 1937.—RE-PORTER.

the car noticed a package lying on the back seat. The package contained a stench bomb. The fluid found in both stench bombs was ammonium valerate.

Defendants appeal and allege that it was error on the part of the trial court to admit evidence of the ownership of the car with license No. BP-3731 and of the substance found in the car. They also urge that it was error to search and seize the car without a search warrant.

The principal question involved in this case relates to the search and seizure of the automobile and the package contained therein, without a search warrant. The solution of this question is closely associated with the question of the legality of the arrest of both defendants.

Section 17149, 3 Comp. Laws 1929, as amended by Act No. 84, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 17149, Stat. Ann. § 28.874), reads in part:

"Any peace officer may, without a warrant, arrest a person—   *   *   *

"(c) When a felony in fact has been committed and he has reasonable cause to believe that such person has committed it."

In *People* v. *Licavoli,* 245 Mich. 202, we said:

"The rule is pretty well settled that if an officer believes and has good reason to believe, that one has committed a felony, or is committing a felony in his presence, he has probable cause, as the term is used, and may arrest without a warrant and search him before confining him in jail."

Whether an officer has reasonable cause to believe the person arrested committed a felony must depend upon the situation in the particular case. In the case at bar, defendant Charles Parise was seen to enter the theater with Charles Orlando and was

seen to leave the theater after coming up from the lavatory. Defendant Charles Orlando was apprehended in the lavatory where the stench bomb was found in the toilet. Upon each of the defendants, there was an odor similar to that of the stench bomb. In our opinion, the arresting officer had good reason to believe that both defendants were involved in the placing of the stench bomb in the theater. The arrests were legal.

The next question relates to the search and seizure of the automobile and its contents. It is to be noted that in deciding this question, we have in mind that the "search and seizure" took place after the defendants were arrested and in the custody of the police officers. After the defendants were arrested, they were searched. On the person of Charles Parise were found the papers relating to the ownership of the car in question.

The rule regarding search and seizure is well stated in *People* v. *Miller,* 245 Mich. 115, where we said:

"Except where special restrictions are imposed by statute, the test of the legality of a search, without a warrant, is whether it is reasonable. *People* v. *Case,* 220 Mich. 379 (27 A. L. R. 686). In applying the test to modern conditions, this court has held that an officer, charged with enforcement of the law, may search an automobile on the highway or in a public place when, from the exercise of his own senses or acting upon information received from sources apparently reliable, a prudent and careful person, having due regard for the rights of others, would be induced to the honest belief that a felony was being committed in such automobile."

In *People* v. *Goss,* 246 Mich. 524, we said:

"To justify a search and seizure, the officer must act on some fact or circumstance or upon such in-

formation that would create in his mind a reasonable and honest belief that the law was being violated.''

See, also, *People* v. *Nappo,* 251 Mich. 89, and 1 Gillespie, Michigan Criminal Law and Procedure, pp. 869–875, § 719.

In the case at bar, the police knew that a crime had been committed by the placing of a stench bomb in the theater; they knew that both defendants were arrested in or close to the theater. They knew that the clothing which defendants were wearing had a smell similar to that of the stench bomb; and that one of the defendants had a certificate of title to an automobile on his person. The officers had good reason to believe that the stench bomb, because of the odor, probably had been brought to the vicinity of the theater in an automobile or some other vehicle. The actual search was conducted by officers who received their instructions from the officer in charge of the defendants. When the searching officers found the car, in the immediate neighborhood of the scene of the crime, unlocked, and a package lying on the back seat, they were justified in making a search and seizure of the car.

It is also urged by defendants that a ''stench bomb'' does not come within the purview of the proviso of Const. 1908, art. 2, § 10, as amended in 1936, which reads:

''The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation: *Provided, however,* That, the provisions of this section shall not be construed to bar from evidence in any court of criminal jurisdiction, or in any criminal proceed-

ing held before any magistrate or justice of the peace, any firearm, rifle, pistol, revolver, automatic pistol, machine gun, bomb, bomb shell, explosive, blackjack, slung-shot, billy, metallic knuckles, gas-ejecting device, or any other dangerous weapon or thing, seized by any peace officer outside the curtilage of any dwelling house in this State."

The above section relates to unreasonable searches and seizures and provides that certain enumerated articles shall not be barred from evidence in criminal cases. At the end of the list is found "or any other dangerous weapon or thing" seized by any peace officer of the State. It is evident that the framers of this law realized the impossibility of naming every dangerous weapon used by criminals and hence the terms "dangerous weapon or thing" was inserted to include dangerous weapons not specifically enumerated. In our opinion, a stench bomb, as used in this case, was a dangerous weapon and as such was within the meaning of the proviso of this section of the Constitution. The trial court was not in error in admitting in evidence testimony and papers relating to the ownership of the car as well as evidence of the stench bomb or "foul substance" found in the automobile.

The judgment of the trial court is affirmed.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.