PEOPLE *v.* BISSONETTE.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONAL LAW—SEARCHES AND SEIZURES.

Whether or not proviso added to search and seizure clause of State Constitution and which permits use in evidence in a criminal proceeding of dangerous weapons seized by a peace officer outside the curtilage of any dwelling house without a search warrant or warrant for arrest and without probable cause is in violation of the due process clause of the Constitution of the United States is not determined, where such question was not passed upon by the trial court and is unnecessary to decision (US Const, am 14; Mich Const 1908, art 2, § 10, as amended in 1936).

2. SHERIFFS AND CONSTABLES—PEACE OFFICERS—CONSERVATION OFFICERS.

The grant of certain powers of a peace officer to conservation officers within limited spheres, involving the enforcement of various statutes concerned with the protection of wild life, forests, natural resources and lake levels does not constitute such officers as peace officers with the general authority given to sheriffs, undersheriffs, deputy sheriffs, constables, the State police and police officers in general.

3. CONSTITUTIONAL LAW—POWER OF OFFICERS.

The extent of the power granted to various officers and the distinctions between their authority to enforce different statutes is a matter for the legislature.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error, §§ 820, 823.
[3] 43 Am Jur, Public Officers, § 248.
[5] 4 Am Jur, Arrest, § 24.
[6] 50 Am Jur, Statutes, §§ 238, 303.
[7] 20 Am Jur, Evidence, § 393 *et seq.*
[8] 14 Am Jur, Costs, § 91.

4. SAME—PEACE OFFICERS—CONSERVATION OFFICERS—SEARCHES AND SEIZURES.

Peace officers, as the term is used in the Constitution incident to searches and seizures, have a general authority to operate in a broad field not specifically defined by statute whereas the authority of various conservation officers appointed for certain purposes is circumscribed by the statutory provisions defining their duties (Const 1908, art 2, § 10, as amended in 1936).

5. WORDS AND PHRASES—PEACE OFFICERS.

The term "peace officers" includes sheriffs and their deputies, constables, marshals, members of the police force of cities and other officers whose duty is to enforce and preserve the public peace, that peace or tranquillity of the community in general.

6. STATUTES—CONSTRUCTION—PROVISO.

A proviso to a section in a statute creating and defining a right or power is to be accepted according to its natural, common, and most obvious meaning, strictly construed, and limited to the objects fairly within its terms, as a general purview of the whole context.

7. CONSTITUTIONAL LAW—PEACE OFFICERS—CONSERVATION OFFICERS—SEARCHES AND SEIZURES—EVIDENCE.

A conservation officer is not a peace officer within meaning of proviso of section of Constitution authorizing use in evidence in criminal proceeding of dangerous weapons seized by peace officers outside the curtilage of a dwelling house in this State without a search warrant or warrant for arrest and without probable cause (Const 1908, art 2, § 10, as amended in 1936).

8. COSTS—PUBLIC QUESTION—CONSERVATION OFFICERS—WARRANT—SEARCHES AND SEIZURES.

No costs are allowed on State's appeal from order suppressing evidence, consisting of a shotgun seized in an area frequented by wild animals during 15 days immediately preceding opening of small game season by conservation officer without a search warrant or any warrant for arrest and without probable cause, a public question being involved (Const 1908, art 2, § 10, as amended in 1936; CL 1948, §§ 314.6, 314.9).

Appeal from Menominee; Jackson (Glenn W.), J. Submitted February 1, 1950. (Docket No. 70, Calendar No. 44,582.) Decided April 3, 1950.

Adolph Bissonette was charged with transporting firearms in territory frequented by wild animals during 15 days preceding the opening of small-game season. On appeal to circuit court motion to suppress evidence was granted. Motion to set aside order suppressing evidence denied. Plaintiff appeals. Affirmed.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Nicholas V. Olds,* Assistant Attorney General, and *Victor A. Lundgren, Jr.,* Prosecuting Attorney, for the people.

*Doyle & Doyle,* for defendant.

BOYLES, C. J. The only question in this case is whether a Michigan conservation officer is a peace officer within the meaning of the proviso in Michigan Constitution (1908), art 2, § 10.

Defendant was arrested by a conservation officer for unlawfully transporting a shotgun in an area frequented by wild animals during the 15 days immediately preceding the opening of the season on small game.* He was convicted in justice court and on appeal in the circuit court the defendant filed a motion to suppress the evidence (the shotgun) seized by the conservation officer, on the ground that the search and seizure, without a search warrant or any warrant for arrest, and without probable cause, was unlawful. The circuit judge granted the motion.

---

* See CL 1929, §§ 6234, 6237, as amended by PA 1947, No 326 (CL 1948, §§ 314.6, 314.9 [Stat Ann 1947 Cum Supp §§ 13.1355, 13.-1358]). This was prior to the amendment by PA 1949, No 305 (Stat Ann 1949 Cum Supp §§ 13.1355, 13.1358).

Thereupon the plaintiff filed a motion to set aside the order suppressing the evidence, on the ground that a conservation officer is a peace officer within the meaning of the proviso in article 2, § 10, added to said section of the Constitution by an amendment adopted in 1936. Plaintiff claims that a conservation officer may search, outside the curtilage of a dwelling house, for any dangerous weapon and seize the same, without probable cause, and without a search warrant or a warrant for arrest. The circuit judge denied the motion, and the plaintiff, on leave granted, appeals.

The construction of the proviso in article 2, § 10, is the only question involved. The entire section, including the proviso, is as follows:

"The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation: Provided, however, That the provisions of this section shall not be construed to bar from evidence in any court of criminal jurisdiction, or in any criminal proceeding held before any magistrate or justice of the peace, any firearm, rifle, pistol, revolver, automatic pistol, machine gun, bomb, bomb shell, explosive, blackjack, slungshot, billy, metallic knuckles, gas-ejecting device, or any other dangerous weapon or thing, seized by any peace officer outside the curtilage of any dwelling house in this State."

The above amendment had its genesis in *People* v. *Stein* (1933), 265 Mich 610 (92 ALR 481), in which case the Court held that a pistol was not admissible in evidence which had been taken from an automobile by a police officer without a search warrant after making an arrest; that the right to seize the weapon depended upon the legality of the arrest, which the

Court held was illegal. The opinion suggested that the remedy, if desirable, must be by amendment to the Constitution. In 1936, the amendment here involved was adopted.

The question which appellant now raises as to whether the proviso is in violation of the due process clause of the Fourteenth Amendment of the United States Constitution was not decided in the court below, and under our conclusion herein is not essential to decision here. *Michigan Bell Telephone Co.* v. *Public Service Commission,* 315 Mich 533 (66 PURNS 287). For the purpose of decision on the question here involved its constitutionality will be assumed. Also, the question whether the conservation officer had probable cause to seize the shotgun is not raised. The rule announced in *People* v. *Roache,* 237 Mich 215, and consistently followed by this Court,* declares that evidence will be suppressed if obtained by illegal search and seizure, without a search warrant or a lawful arrest, or without reasonable ground or probable cause. This rule was changed by the constitutional amendment in 1936 as to a dangerous weapon *seized by a peace officer,* evidence of which the added proviso declares is admissible in a criminal proceeding.

Counsel for plaintiff relies in part on CL 1948, § 300.11 *et seq.* (Stat Ann and Stat Ann 1949 Cum Supp § 13.1221 *et seq.*), which prescribe the powers and duties of the director of conservation, "or any officer appointed by him for the purpose of enforcing any of the provisions of this act." The title of the act states that it is "to provide for the enforcement of the laws relative to the protection of game and fish." The act refers only to powers and duties inci-

* See *People* v. *Miller,* 245 Mich 115; *People* v. *Goss,* 246 Mich 524; *People* v. *Harris,* 300 Mich 463; *People* v. *Orlando,* 305 Mich 686; *People* v. *Bommarito,* 309 Mich 139; *People* v. *Norwood,* 312 Mich 266.

dent to the enforcement of such laws.   Nothing in the act or in its title indicates that it is intended to invest conservation officers with the general powers or impose on them the general duties of peace officers. Counsel for plaintiff also directs our attention to a large number of other statutory provisions which grant or define specific powers and impose specific duties on conservation officers.   An examination of these numerous statutory provisions establishes that conservation officers have certain powers of a peace officer within limited spheres, involving the enforcement of various statutes concerned with the protection of game and fish and other natural resources such as fur-bearing animals, mussels, forests, Christmas trees, oil and gas wells, lake levels.   In connection with those matters over which the legislature has placed the control in the department of conservation, the director and the conservation officers appointed by him have certain specified powers. Some statutes provide that they may make searches *upon probable cause,* secure search warrants, make arrests of persons who are caught violating the game and fish laws, and *in such cases* conservation officers have the same power as sheriffs *to serve criminal process.*   However, such limited authority conferred on conservation officers to exercise some of the powers generally conferred on peace officers does not constitute them peace officers with the general powers and authority which the law gives to sheriffs, undersheriffs, deputy sheriffs, constables, the State police and police officers in general.

By statute, many officers have been granted certain powers, within the purview of their respective duties, which can be said to be some part of the general powers of a peace officer.   The secretary of State and such officers as he may designate have certain powers of peace officers for the purpose of enforcing the provisions of the State motor vehicle

code.  PA 1949, No 300, § 213 (Stat Ann 1949 Cum
Supp § 9.1913).  Gatekeepers of elections have the
authority of peace officers at polling places to main-
tain peace at the polls on election day.  CL 1948,
§ 175.7 (Stat Ann § 6.314).  A county school attend-
ance officer selected by the county school commission-
er has the power of a deputy sheriff within the scope
of his duties.  CL 1948, § 367.3 (Stat Ann 1949 Cum
Supp § 16.568).  A statute prohibits public drinking
of any intoxicating liquor "as a beverage" in any
railway train or "interurban car," prohibits drunken-
ness of any person therein "as a passenger," and
provides that the conductor, for the purpose of mak-
ing an arrest, "shall have the same power and au-
thority as any peace officer."  CL 1948, § 436.203
(Stat Ann § 22.1243).  The governor has authority
to appoint a policeman or watchman upon applica-
tion of a railroad company, who shall have "while in
the discharge of his duties as such policeman, the
powers of sheriffs, marshals, constables and munici-
pal police officers, except in the service of civil pro-
cess."  CL 1948, § 470.55 (Stat Ann 1949 Cum Supp
§ 22.1260[5]).  The act for the prevention of cruelty
to animals authorizes any society incorporated for
that purpose to designate persons to enforce the
act, makes it the duty of a sheriff to appoint such
persons as deputy sheriffs, and provides that "each
person so appointed by the sheriff, shall possess all
the powers of a sheriff of the county in the enforce-
ment of the provisions of this act."  CL 1948, § 752.-
27 (Stat Ann § 28.164).  None of the above statutes
confers upon such officers, appointed for special
purposes, the general powers and authority of peace
officers.  They have a piece of the general authority
of a peace officer but not all of it.

Under some statutes an exception has been made
to such limitations placed by the above statutes up-
on the authority of certain officers.  A statute which

provides for the office of coroner confers upon coroners "all powers conferred upon peace officers by the general laws of this State." CL 1948, § 773.12 (Stat Ann § 28.1180). The motor carriers act empowers the Michigan public service commission to appoint inspectors to enable the commission to enforce the act, and provides that the inspectors so appointed "shall have all the powers conferred upon peace officers by the general laws of this State." CL 1948, § 479.13 (Stat Ann § 22.578). Why such distinctions should be made between the authority of various officers is a matter for the legislature.

It does not follow that such special officers appointed by the secretary of State to enforce the State motor vehicle code, gatekeepers of elections, school attendance officers, conservation officers, railroad conductors, railroad watchmen, officers for the prevention of cruelty to animals, have the general powers of peace officers to search for and seize dangerous weapons, without reasonable ground or probable cause, and without a lawful warrant for arrest or a search warrant. The authority of such officers appointed for certain purposes is circumscribed by the statutory provisions which also define their duties. By statute, a conservation officer has limited authority.

Peace officers have general authority to operate in a broader field. Their powers have not been specifically defined by the statute law of this State.

"*Peace Officers.* This term is variously defined by statute in the different States; but generally it includes sheriffs and their deputies, constables, marshals, members of the police force of cities, and other officers whose duty is to enforce and preserve the public peace.

"*Public Peace.* The peace or tranquillity of the community in general; the good order and repose of

the people composing a State or municipality."
Black's Law Dictionary (3d ed), p 1341.

*"Peace officer. Law.* A civil officer whose duty it
is to preserve the public peace, as a sheriff or con-
stable." Webster's New International Dictionary
(2d ed), p 1798.

The proviso which was voted into article 2, § 10,
of the State Constitution in 1936 constitutes an ex-
ception to the general rule announced at the be-
ginning of said section that "the person, houses,
papers and possessions of every person shall be
secure from unreasonable searches and seizures.
No warrant to search any place or to seize any per-
son or things shall issue without describing them,
nor without probable cause, supported by oath or
affirmation." The purport of the proviso is under-
standable. It is to permit the receipt in evidence,
in any criminal proceeding, of any firearm, rifle,
pistol, revolver, et cetera, or any other dangerous
weapon that had been seized *by a peace officer,* out-
side of any dwelling house. A proviso "which cre-
ates and defines a right or power is to be accepted
according to its natural, common, and most obvious
meaning, strictly construed and limited to the ob-
jects fairly within its terms, as gathered both from
the section of which it forms a part and a general
purview of the whole context." *Township of Clear-
water* v. *Board of Supervisors of Kalkaska County,*
187 Mich 516, 525.

A conservation officer is not a peace officer within
the meaning of article 2, § 10, of the State Consti-
tution, as amended. The order suppressing the evi-
dence is affirmed, but without costs, a public question
being involved.

REID, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL,
and SHARPE, JJ., concurred.