PEOPLE v. CAREY.

OPINION OF THE COURT.

1. OFFICERS—MOTOR CARRIER INSPECTOR—PEACE OFFICER.

A motor carrier inspector is a peace officer with the duty of enforcing public service commission rules (CL 1948, § 479.13).

2. ARREST—WITHOUT WARRANT—MOTOR CARRIER INSPECTOR—DISPLAY OF LOG BOOK.

Arrest of defendant by motor carrier inspector without a warrant was within the power of the inspector to make, where defendant refused to display his log book as required by statute when requested so to do by the inspector (CL 1948, §§ 480.2, 750.479).

3. PUBLIC SERVICE COMMISSIONS—MOTOR CARRIERS—HOURS OF SERVICE OF DRIVERS—RESISTING AN OFFICER—LOG BOOK.

Contention that public service commission was not authorized to fix hours of service of truck drivers of motor carriers, held, without merit, in prosecution of defendant, not for violating any regulations as to hours of service, but for resisting an officer by refusing to display his log book as required by statute (CL 1948, §§ 479.13, 480.2, 750.479).

4. OBSTRUCTING JUSTICE—RESISTING OFFICER—MOTOR CARRIER TRUCK DRIVER—EVIDENCE.

Conviction of truck driver of resisting an officer in the discharge of his duty held, proper, under evidence showing that he failed to obey motor carrier inspector who had stopped him and that he refused to display his log book and drove away (CL 1948, § 750.479).

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur, Motor Transportation §§ 18, 35; 47 Am Jur, Sheriffs, Police, and Constables §§ 5, 6.
[2] 5 Am Jur 2d, Arrest §§ 24–33.
[3, 4, 6] 5 Am Jur 2d, Arrest § 80 et seq., 37 Am Jur, Motor Transportation § 46.
[5] 29 Am Jur 2d, Evidence §§ 147, 154.
[7] 5 Am Jur 2d, Arrest § 26 et seq.
[8, 9] 5 Am Jur 2d, Appeal and Error § 761 et seq.

5. Criminal Law—Evidence—Statutory Exceptions—Misdemeanor.

The people need not prove that statutory exceptions are not applicable where defendant is charged with a misdemeanor (CL 1948, § 480.3)

6. Carriers—Inspection—Log Book.

Failure of a truck operator to show his log book to a motor carrier inspector upon demand is a misdemeanor (CL 1948, § 480.4).

7. Arrest—Without Warrant—Misdemeanor—Presence of Officer.

A peace officer may arrest without a warrant any person who commits a misdemeanor in the officer's presence (CL 1948, § 764.15).

Separate Opinion.
Quinn, P. J.

8. Criminal Law—Probation—Moot Case.

Completion of all conditions of probation and discharge from probation renders judgment on conviction of crime moot.

9. Same—Appeal and Error—Moot Case.

A case becomes moot when a judgment on conviction is discharged by a defendant's own act and when there is no showing of collateral legal disability arising from the conviction.

Appeal from Oakland, Moore (Arthur E.), J. Submitted Division 2 December 6, 1967, at Lansing. (Docket No. 2,635.) Decided April 25, 1968. Leave to appeal granted July 30, 1968. See 381 Mich 768.

Richard E. Carey was convicted of resisting an officer in the discharge of his duty. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *S. Jerome Bronson*, Prosecuting Attorney, and *Dennis Donohue*, Assistant Prosecuting Attorney, for the people.

*Mansfield, Sulzbach & Jones*, for defendant.

T. G. KAVANAGH, J.  A jury found defendant guilty of violating CL 1948, § 750.479 (Stat Ann 1954 Rev § 28.747)—resisting an officer in the discharge of his duty.  Defendant's appeal makes 6 assertions of error, all bottomed on his contention that a motor carrier inspector employed by the Michigan public service commission is not a peace officer who has authority to demand production of a log book by a private carrier and, under such driver's refusal to produce it, to arrest him.

In *People* v. *Bissonette* (1950), 327 Mich 349, the Supreme Court held that a conservation officer is not a peace officer because: "Nothing in the act or in its title indicates that it is intended to invest conservation officers with the general powers or impose on them the general duties of peace officers." (p 354.)  Quite to the contrary, the statute having to do with the powers and duties of motor carrier inspectors expressly provides:

"The inspectors so appointed by the commission shall have all the powers conferred upon peace officers by the general laws of this state." CL 1948, § 479.13 (Stat Ann 1960 Rev § 22.578).

We conclude that a motor carrier inspector having been given the powers of a peace officer is a peace officer with the duty of enforcing commission rules.

Defendant contends that even if Inspector Ritter, complainant herein, is a peace officer, he was not authorized to stop and arrest defendant without a warrant.  However, the inspector did not stop defendant for the purpose of making an arrest, but rather to inspect his log book, which was specifically authorized by statute.  CL 1948, § 480.2 (Stat Ann 1960 Rev § 9.1665[2]).[1]  The arrest was made after

---

[1] For the current statutory provision see PA 1963, No 181, § 5, as amended (MCLA § 480.15, Stat Ann 1968 Cum Supp § 9.1666[5]),

defendant refused to display his log book, which he was required to do by law.

Defendant next contends that his conviction must be set aside because the public service commission is not authorized to fix hours of service for truck drivers of carriers not certificated by it. This proposition is without merit simply because defendant was not convicted of violating any regulations as to hours of service, but rather was convicted of resisting an officer who was attempting to perform a duty imposed and authorized by statute.

There is no merit to defendant's assertion that his conviction was the result of the use at the trial of illegally seized evidence.

Officer Ritter testified that after defendant refused to display his log book, he showed defendant his identification and told him he was under arrest and would have to accompany Ritter to the nearest justice of the peace. Thereupon defendant put his truck in gear and drove away. Ritter got into his cruiser, overtook defendant with siren sounding and waved him to pull over, but defendant failed to obey. Inspector Ritter's exact words describe defendant's action upon which the complaint rests: "I waited until he, he had not slowed down, I waited until he came to a position sufficiently close to me that in my estimation either I move or got hit, I didn't think he was able to stop. * * * I moved."

On such testimony the jury could convict defendant of resisting an officer, under the statute.

Defendant's contention that his motion for a directed verdict was erroneously denied because the people did not prove that the exceptions to the statute[2] requiring him to display his log book were not applicable is without merit. The Supreme Court was

---

[2] See CL 1948, § 480.3 (Stat Ann 1960 Rev § 9.1665[3]).

faced with a similar question in *People* v. *Baker* (1952), 332 Mich 320, 323, where it held:

"We concur with the people's claim and hold that it was not necessary to allege or prove the negative allegations."

Having already determined that Officer Ritter was a peace officer, we can easily dispose of defendant's final argument, *i.e.,* that Ritter could not arrest defendant without a warrant. Failure to display a log book upon request is a misdemeanor. CL 1948, § 480.4 (Stat Ann 1960 Rev § 9.1665[4]).[3] A peace officer may arrest without a warrant any person who commits a misdemeanor in his presence. CL 1948, § 764.15 (Stat Ann 1954 Rev § 28.874).

Affirmed.

LEVIN, J., concurred with T. G. KAVANAGH, J.

QUINN, P. J. (*concurring*). October 28, 1963, defendant was placed on 2 years' probation, the conditions of which included payment of a $100 fine at the rate of $10 per month. On the same date, defendant consented to the terms of the probation order by affixing his signature thereto. November 14, 1963, defendant filed motion for new trial with no date noticed for hearing the same. November 15, 1963, the people filed answer to this motion. By praecipe dated November 25, 1964, the prosecuting attorney noticed the motion for hearing December 7, 1964. By similar action under date of December 3, 1964, the prosecuting attorney noticed the motion for hearing January 11, 1965. Defendant, by praecipe dated January 4, 1965, noticed the motion for

_____

[3] For current provision, see PA 1963, No 181 § 7 (MCLA § 480.17, Stat Ann 1968 Cum Supp § 9.1666[7]).

hearing February 25, 1965 and under date of December 21, 1965, defendant again noticed the motion for hearing February 28, '65 (apparently '66 intended). By stipulation, the hearing on the motion was adjourned from March 5, 1965 to April 7, 1965. October 28, 1965, on petition of the probation officer, which indicated all conditions of probation had been completed, defendant was discharged from probation.

The much-adjourned motion for new trial was finally heard June 21, 1966 and denied the same day. August 15, 1966, defendant filed a claim of appeal from an order entered May 20, 1963 denying his motion to quash, from a similar order entered September 17, 1963 on a similar motion, from an order entered October 1, 1963 denying defendant's motion to strike testimony, from judgment and sentence of October 28, 1963 and from the order of June 21, 1966 denying motion for new trial.

Recitation of the foregoing facts obviates comment by this Court on the shoddy practice here represented. How the case reached the stage of oral argument before this Court at its December 1967 term is beyond my comprehension, but it did. Now, after reading the briefs and hearing oral argument, I find the case has been moot since October 28, 1965, the judgment on conviction having been discharged by defendant's own acts. (*People* v. *Leavitt* [1879], 41 Mich 470; *Powell* v. *People* [1881], 47 Mich 108; *City of Ishpeming* v. *Mary Maroney* [1882], 49 Mich 226; *Ideal Furnace Company* v. *International Molders' Union of North America* [1918], 204 Mich 311; *People* v. *Ortwski* [1922], 220 Mich 462; *People* v. *Melovicz* [1923], 221 Mich 620; *Thomas* v. *Montcalm Circuit Judge* [1924], 228 Mich 44; *People* v. *Pyrros* [1948], 323 Mich 329.) Here there is no

showing of collateral legal disability arising from the conviction as in *People* v. *Mallory* (1967), 378 Mich 538, and the authorities cited above control.

Affirmed.