PEOPLE *v.* BISHOP

1. ARREST—MISDEMEANOR—WITHOUT WARRANT.
   A peace officer is empowered to arrest, without a warrant, any person who commits a misdemeanor in his presence (MCLA § 764.15).

2. ARREST—DISORDERLY PERSON—LAWFULNESS.
   Arrest without a warrant of the defendant as a disorderly person was lawful where the arresting policeman observed the defendant taking hold of the police chief's arm during a street disturbance, had earlier ordered the defendant out of the street and back onto the sidewalk, and had earlier refused the defendant, who wanted to disperse the crowd, the use of a police loudspeaker because, by statute, any person who is found jostling or roughly crowding people unnecessarily in a public place shall be deemed a disorderly person (MCLA § 750.167).

Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 December 9, 1970, at Grand Rapids. (Docket No. 8752.) Decided January 27, 1971.

Maurice Bishop was convicted of resisting arrest. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *John A. Smietanka,* Assistant Prosecuting Attorney, for the people.

*Eddie D. Smith,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest §§ 26, 28.
[2] 5 Am Jur 2d, Arrest § 31.

Before: FITZGERALD, P. J., and QUINN and Mc-
INTYRE,* JJ.

PER CURIAM.    Defendant Maurice Bishop was
arrested in the course of a public disturbance in the
City of Benton Harbor in July 1968.   He was tried
by a jury and on October 28, 1969, was found guilty
of resisting arrest in violation of MCLA § 750.479
(Stat Ann 1954 Rev § 28.747).   On December 1, 1969,
he was sentenced to 30 days in the county jail plus
a $100 fine and costs of $400.

The facts which led to the arrest and subsequent
conviction are as follows:

On July 21, 1968, following an incident at a local
tavern, a crowd began to gather in the streets of
Benton Harbor and it was clear that a disturbance
was in the making.   Defendant, the leader of a local
chapter of the Southern Christian Leadership Con-
ference, went to the scene of the disturbance and was
given permission by the police to use a loudspeaker
in an effort to disperse the seething crowd which had
formed in the streets.   Defendant's attempt was un-
successful and the situation worsened.   Subsequently
defendant approached Chief McClaran of the Benton
Harbor Police, grabbing his arm in an attempt to
get his attention.   McClaran, occupied with the task
of supervising his men, pulled away from defendant
without further contact.   Officer Robert Irvin, who
had witnessed from some distance the defendant
taking hold of McClaran's arm, immediately pro-
ceeded to place defendant under arrest as a dis-
orderly person.   Officer Irvin had encountered de-
fendant on two other occasions that day.   Earlier
he had ordered defendant out of the street and back
onto the sidewalk and also refused defendant a
second use of the police loudspeaker.   The arresting

* Circuit judge, sitting on the Court of Appeals by assignment.

officer ordered defendant to proceed towards the police van at which time a struggle ensued and as a result defendant was bodily placed in the van and later charged with resisting arrest.

The question of primary concern is whether defendant was legally placed under arrest by the officer. Defendant contends that there was not a valid arrest which it could be said he resisted and that his conduct constituted self-defense and not resisting arrest. The people, on the other hand, argue that all the elements of the charge were proven at the trial, that defendant was placed under arrest by a person he knew or should have known to be a police officer and, hence, he was in fact lawfully arrested.

A peace officer is empowered by MCLA § 764.15 (Stat Ann 1954 Rev § 28.874), to arrest, without a warrant, any person who commits a misdemeanor in his presence. *People* v. *Carey* (1968), 11 Mich App 213. Hence, we must consider whether the arresting officer witnessed such acts as would constitute "disorderly conduct", a definition of which is set forth in MCLA § 750.167 (Stat Ann 1962 Rev § 28.364) which states in part:

"[A]ny person who shall be found jostling or roughly crowding people unnecessarily in a public place, shall be deemed a disorderly person."

An examination of the testimony adduced from witnesses discloses the existence of conduct on the part of defendant which supports the belief of the arresting officer that the offense of disorderly conduct was being committed in his presence.

Having, therefore, established the validity of the arrest, it must now be determined if defendant did in fact resist the arrest. Such a question was properly before the jury and our review is limited. The record reveals ample evidence which, if believed,

could cause a jury reasonably to conclude that defendant was guilty of the crime with which he was charged. *People* v. *Arither Thomas* (1967), 7 Mich App 103.

Defendant also questions the propriety of remarks made by the prosecutor during his closing argument. It is argued that these remarks were of an inflammatory nature and highly prejudicial. Defendant fails to indicate those specific remarks of which he complains. Objections were raised during the trial to the prosecutor's use of the phrase "police brutality" and inferences regarding the effect on the community of an acquittal. The record evidences the fact that these objections were sustained and the jury instructed to disregard the remarks. Therefore, what could have been error was timely cured by the instructions.

On the basis of the facts presented, we, therefore, conclude that the arrest was lawful and proper and that there was sufficient evidence from which a jury could render a finding of guilty of resisting arrest.

Affirmed.