PEOPLE v CAREY

PEOPLE v KOPKO

Docket No. 79902. Submitted May 9, 1985, at Lansing.—Decided
    December 2, 1985.

Defendants, James W. Carey and James M. Kopko, were each
    charged with fleeing and eluding a conservation officer when
    directed to bring their motorcycles to a stop, and operating
    unregistered motorcycles on a public highway. The 81st District
    Court, Robert J. Hummel, J., dismissed the charges on defen-
    dants' motion. The Iosco Circuit Court, J. Richard Ernst, J.,
    affirmed the district court's dismissal. The people appealed
    raising several issues. *Held:*

    1. The general law enforcement responsibilities of conserva-
    tion officers are specified in MCL 299.3. The statute grants the
    Department of Natural Resources authority to enforce all laws
    provided for the protection and conservation of the natural
    resources of the State of Michigan. MCL 312.10(2) grants con-
    servation officers authority to enforce general criminal laws
    when arresting licensed hunters who violate criminal laws
    while engaged in hunting. Given this limited authority, a
    conservation officer is not a police officer with responsibility for
    the enforcement of the general criminal laws of Michigan or of
    the Michigan Vehicle Code.

    2. The director of the Department of Natural Resources and
    conservation officers appointed by the director are designated
    by statute as peace officers. However, the statutory construction
    argued by the people violates the title-object clause of the
    Constitution, Const 1963, art 4, § 24. The title of 1929 PA 192,
    as amended by 1950 PA 24, has the separate and distinct
    objects of, on one hand, prescribing the powers and duties of
    the director of conservation and providing for the enforcement
    of the conservation laws, and on the other hand, declaring the
    director of conservation and his appointed peace officers to be
    general peace officers of the state. These are diverse purposes.

REFERENCES

Am Jur 2d, Arrest §§ 3 *et seq.*
Am Jur 2d, Statutes §§ 97 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Arrest.

Const 1963, art 4, § 24 was designed to avoid bringing diverse subjects which have no necessary connection into one bill. Since Act 192 has a general purpose of enforcement of the fish and game laws, it would be a diverse purpose to establish conservation officers as general peace officers.

3. Conservation officers are not general peace officers who may arrest without a warrant for the commission of a misdemeanor in their presence. However, they are vested with the authority of peace officers while they enforce the fish and game laws. Thus, a conservation officer who witnesses the commission of a misdemeanor under conservation laws may make an arrest without a warrant.

4. The conservation officer was not acting within his lawful authority when he attempted to enforce the traffic laws of this state.

Affirmed.

1. CRIMINAL LAW — ARREST — CONSERVATION OFFICERS.

Conservation officers are statutorily authorized to enforce all laws provided for the protection and conservation of the natural resources of Michigan and to enforce general criminal laws only in specific instances where licensed hunters violate criminal laws while engaged in hunting; given this limited authority, a conservation officer is not a police officer with responsibility for the enforcement of the general criminal laws of Michigan or the Michigan Vehicle Code (MCL 28.602[C]; MSA 9.2302[1], MCL 257.42; MSA 9.1842, MCL 299.3; MSA 13.3, MCL 312.10[2]; MSA 13.39[2]).

2. CONSTITUTIONAL LAW — STATUTES — TITLE-OBJECT.

The title-object clause of the Constitution was designed to avoid bringing diverse subjects which have no necessary connection into one bill (Const 1963, art 4, § 24).

3. CRIMINAL LAW — ARREST — CONSERVATION OFFICERS.

Conservation officers are not general peace officers who may arrest without a warrant for the commission of a misdemeanor in their presence; however, they are vested with the authority of peace officers while they enforce the fish and game laws; a conservation officer who witnesses the commission of a misdemeanor under conservation laws may make an arrest without a warrant (MCL 300.16[1]; MSA 13.1226[1], MCL 764.15; MSA 28.874).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gary W. Rapp,* Prosecut-

ing Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

*Foster, Swift, Collins & Coey, P.C.* (by *Scott L. Mandel, Stephen O. Schultz* and *William F. Young),* for defendant Carey.

James M. Kopko, *in propria persona.*

Before: R. B. BURNS, P.J., and BRONSON and R. L. TAHVONEN,* JJ.

R. L. TAHVONEN, J. The people appeal by leave granted from the circuit court's affirmance of the district court's dismissal of charges against defendants of fleeing and eluding a police officer or conservation officer when directed to bring a motorcycle to a stop, MCL 257.602a; MSA 9.2302(1), and of operating an unregistered motorcycle on a public street, MCL 257.215; MSA 9.1915. We affirm the dismissal of the charges.

Conservation Officer Poreda was cruising on US-23 in Iosco County in a marked Department of Natural Resources vehicle when he observed two motorcyclists riding without helmets on unregistered vehicles. At the time, Poreda was not enforcing the conservation laws. He chased the motorcycles. Defendant Kopko lost control of his motorcycle. When defendant Carey stopped to assist Kopko, Poreda apprehended both of them.

We must decide on appeal whether a conservation officer is authorized to enforce the Michigan Vehicle Code. The people argue that conservation officers are peace officers who have authority to arrest a person for the commission of a misdemeanor in their presence, regardless of whether the infraction occurs while the conservation officer

---

* Circuit judge, sitting on the Court of Appeals by assignment.

is enforcing the conservation laws. We do not agree. The Michigan Vehicle Code does not provide conservation officers with any such authority. Moreover, we cannot constitutionally construe MCL 300.16; MSA 13.1226 as granting any such authority.

I

Defendants were charged under the fleeing and eluding statute, which provides:

"Sec. 602a. A driver of a motor vehicle, who is given by hand, voice, emergency light or siren a visual or audible signal by a police or conservation * * * officer, acting in the lawful performance of his or her duty, directing the driver to bring his or her motor vehicle to a stop, and who wilfully fails to obey the direction, by increasing the speed of the motor vehicle, extinguishing the lights of the motor vehicle, or otherwise attempting to flee or elude the officer, is guilty of a misdemeanor, punishable by imprisonment for not more than 1 year, or a fine not to exceed $1,000.00, or both. The officer giving the signal shall be in uniform; and the vehicle driven shall be adequately identified as an official police or * * * department of natural resources vehicle."

Thus, the inquiry becomes whether the conservation officer acted in the lawful performance of his duty in stopping and citing defendants under the fleeing and eluding statute. We begin our analysis by considering whether a conservation officer is a police officer within the meaning of the Michigan Vehicle Code.

Under section 42 of the Michigan Vehicle Code, the term police officer is currently defined as:

"Sec. 42. 'Police officer' means any of the following:

"(a) Every sheriff or sheriff's deputy; village or township marshal; officer of the police department of any

city, village, or township; any officer of the Michigan state police; or any peace officer who is trained and certified pursuant to Act No. 203 of the Public Acts of 1965, being sections 28.601 to 28.616 of the Michigan Compiled Laws.

"(b) For purposes of enforcing sections 717, 719, 719a, 720, 722, 724, 725, and 726 any duly authorized agent of a county road commission meeting the requirements of section 726c." (Footnotes omitted.) MCL 257.742; MSA 9.2442.

Thus, peace officers who are trained and certified pursuant to 1965 PA 203 are included in the definition of a police officer under section 42. The people argue that conservation officers are peace officers who are trained and certified pursuant to Act 203, the "law enforcement officers training council act", which defines "police officer" as follows:

"(c) 'Police officer' or 'law enforcement officer' means a member of a police force or other organization of a city, county, township, village or of the state, regularly employed as such and *who is responsible for the prevention and detection of crime and the enforcement of the general criminal laws of this state,* but shall not include any person serving as such solely by virtue of his occupying any other office or position." MCL 28.602(c); MSA 4.450(2)(c). (Emphasis added.)

Thus, we must determine whether conservation officers are police officers responsible for the enforcement of the general criminal laws of this state in deciding whether they are encompassed in the definition in Act 203.

The general law enforcement responsibilities of conservation officers are specified in MCL 299.3; MSA 13.3, which provides, in pertinent part:

"Sec. 3. The department of conservation shall protect

and conserve the natural resources of the state of Michigan; provide and develop facilities for outdoor recreation; prevent the destruction of timber and other forest growth by fire or otherwise; promote the reforesting of forest lands belonging to the state; prevent and guard against the pollution of lakes and streams within the state, and *enforce all laws provided for that purpose with all authority granted by law,* and foster and encourage the protecting and propagation of game and fish." (Emphasis added.)

Authorization for law enforcement activity by conservation officers relating to the general criminal law may be found in MCL 312.10(2); MSA 13.1339(2):

"(2) Arrests. An officer charged with the enforcement of laws relating to hunting shall make arrests for violations of other laws if the violations are committed by a person licensed as a hunter under this act while the person is exercising his or her privileges under the license."

If the Legislature intended for conservation officers to have broad authority to enforce the general criminal laws of Michigan, it would not have specifically stated in MCL 312.10(2) that conservation officers may arrest for criminal violations which are ancillary to the perpetrator's act of hunting. If conservation officers had a broad and general authority to enforce criminal laws, the statute above would be redundant.

Given the conservation officer's limited authority to enforce criminal law where the violation is ancillary to the act of hunting, and other limited authority to enforce conservation laws, it follows that a conservation officer is not a police officer with responsibility for the enforcement of the general criminal laws of Michigan under MCL 28.602(c); MSA 4.450(2)(c). Thus, a conservation

officer is not, as the people argue, a police officer within the meaning of section 42 of the Michigan Vehicle Code, and therefore is not authorized to enforce that code.

II

The people cite MCL 764.15; MSA 28.874 which provides that a "peace officer" may arrest without a warrant for the commission of a misdemeanor in his presence. The people claim that language in MCL 300.16(1); MSA 13.1226(1) leads to the conclusion that conservation officers are peace officers who may make such an arrest:

"Sec. 6. (1) The director of the department of natural resources *and conservation officers* appointed by the director *are peace officers vested with all the powers, privileges, prerogatives, and immunities conferred upon peace officers by the general laws of this state;* have the same power to serve criminal process as sheriffs; have the same right as sheriffs to require aid in executing process; and are entitled to the same fees as sheriffs in performing those duties." (Emphasis added.)

*People v Bissonette,* 327 Mich 349, 357; 42 NW2d 113 (1950), held that a conservation officer is not a peace officer. The people remind us that MCL 300.16(1) in its present form is the result of post-*Bissonette* amendments. The people then argue that the Legislature intended to vest conservation officers with full authority as peace officers for enforcement of all criminal laws. We do not agree. We think that the people's construction of the statute would render it unconstitutional. The circuit court held that the people's reading of MCL 300.16 would violate the title-object clause of the Michigan Constitution, Const 1963, art 4, § 24, which was designed to avoid bringing diverse sub-

jects which have no necessary connection into one bill. *People v Bolling,* 140 Mich App 606, 611; 364 NW2d 759 (1985).

MCL 300.16; MSA 13.1226 is a portion of 1929 PA 192, the title of which, as amended by 1950 PA 24, reads:

"AN ACT to prescribe certain powers and duties of the director of conservation; to provide for the enforcement of the laws relative to the protection, propagation or preservation of wild birds, wild animals and fish; to provide for the enforcement of laws pertaining to the powers and duties of the director of conservation or the commission of conservation; to provide for the condemnation of property seized for violation of such statutes and laws; and to declare as peace officers the director of conservation and any officer appointed by him and to vest in him and them all the powers, privileges, prerogatives and immunities of peace officers under the general laws of the state."

The title has separate and distinct objects if we read the purpose of MCL 300.16 to grant conservation officers the general authority of peace officers, as the people argue. First, the act prescribes the powers and duties of the director of conservation and provides for enforcement of the conservation laws. It also declares the director of conservation and his appointed peace officers to be general peace officers of the state. These are diverse purposes. We think that such a construction would violate the title-object clause of the Constitution. Act 192 deals with enforcement of conservation laws. Any broader authority to be granted to conservation officers should be encompassed in another statute, either in one defining a "peace officer" or one defining "police officer". We conclude that, since Act 192 has a general purpose of enforcement of the fish and game laws, it would be

a diverse purpose to establish conservation officers as general peace officers.

This is not to say that the act cannot be given a constitutional construction. Conservation officers are vested with the authority of peace officers while they enforce the fish and game laws. Thus, a conservation officer who witnesses the commission of a misdemeanor under conservation laws may make an arrest without a warrant pursuant to MCL 764.15; MSA 28.874.

For the reasons stated above, we do not think MCL 300.16 constitutionally grants conservation officers the full authority of peace officers. We conclude that conservation officers are not police officers within the meaning of the Michigan Vehicle Code and do not have authority to enforce it. Therefore, we hold that both the circuit court and the district court were correct in holding that Officer Poreda was not acting within his lawful authority when he attempted to enforce the traffic laws of this state.

Affirmed.